McKenzie and others *vs.* L'Amoureux and others.

An action may be brought by one or more of several legatees, in behalf of themselves and the others, against the personal representative of the testator, and the residuary legatees and devisees, for an account of the personal estate and of the debts, legacies, &c. and to have the real estate sold and the proceeds, together with the personal estate, applied in payment of the debts and legacies. And all the legatees may avail themselves of the decree. This rule has not been changed by the code of procedure.

When the question involved is one of " *common or general interest*," the action may be brought by one or more, for the benefit of all who have such common or general interest, without showing that the parties are very numerous, or that it would be impracticable to bring them all before the court.

The provision of the code, declaring that when the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole, applies indiscriminately to all actions, whether they involve questions of common interest or not.

· Demurrer.   The plaintiffs stated in their complaint, that the action was brought as well on their own account as on account of the other legatees of Mary McKay, deceased.   They then set forth the will, from which it appeared that they, together with Margaret·Heinzelman, Eliza McIntosh and Mary, wife of John Norton, were entitled to legacies, and that the estate of the testatrix, real and personal, chargeable, as they alledged, with the payment of those legacies, was given and devised to Elizabeth, Caroline, Jane and Hallowell Matilda, daughters of the late Lachlane Stewart.   These three residuary legatees and devisees, together with James L'Amoureux, administrator of the estate with the will annexed, were defendants in the suit.   It was alleged that the personal estate was insufficient to pay the

McKenzie *v.* L'Amoureux.

legacies.  The plaintiffs demanded judgment that the will be established, that an account might be taken of the personal estate, and also of the debts, legacies, and funeral expenses of the testatrix ; that the real estate might be sold, and that the proceeds, together with the personal estate, might be applied in due course of administration in payment of the debts and legacies. To this complaint the defendants, who were residuary legatees, demurred, stating several grounds of demurrer, and among others that there was a defect of parties, plaintiff or defendant, in not making Margaret Heinzelman, Eliza McIntosh and Mary Norton, three of the legatees named in the will, and interested in the matters sought to be brought in question, and involved in this action, parties, either plaintiffs or defendants, and also that the joinder of more than one, and less than the whole of such legatees was either a defective or improper joinder of plaintiffs in this action.

The cause having been argued before Mr. Justice Wright, upon the issue of law so joined, and the demurrer having been sustained, the plaintiff appealed from the decision.

*J. Edwards,* for the plaintiffs.

*A. Taber,* for the defendants.

*By the Court,* HARRIS J.   The learned judge who decided this cause at the special term, admitted that as the practice existed at the time of the adoption of the code, this action might properly have been brought by the plaintiffs on behalf of themselves and the other legatees who were not made parties.   The authorities to which he has referred, show that one legatee might sue on behalf of himself and all the rest, and that all might avail themselves of the benefit of the decree.   (*Brown* v. *Rickets,* 3 *John. Ch.* 553.   *Thompson* v. *Brown,* 4 *Id.* 619. *See also Ross* v. *Crary,* 1 *Paige,* 416.   *Hallett* v. *Hallett,* 2 *Id.* 15.   *Cooper's Eq. Pl.* 39, 40.)   But he came to the conclusion that this rule had been changed by the code, and that now all persons who are necessary parties to a complete

determination of the questions involved in the action, must be brought before the court either as plaintiffs or defendants. Upon this ground the demurrer was sustained.

In this conclusion I can not concur. So far was the legislature from intending any change in the rule on this subject, that in making the great changes contemplated by the adoption of the code, it was careful to preserve this convenient practice of the court of chancery. The code commissioners had reported a section, copied substantially from one of the rules of the supreme court of the United States, providing that those who are *united in interest* must be joined as plaintiffs or defendants, except that, if the consent of any one who should have been joined as plaintiff, can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint. This too was the practice in the court of chancery. The legislature adopted the provision thus reported, but added to the section as follows : " And when the question is one of a common or general interest of many persons ; or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." (*Code,* § 119.) This was also in accordance with the then existing practice of courts of equity. The legislature seems to have apprehended that, by adopting the rule reported by the commissioners, it might be understood to have rejected the kindred rules embraced in the latter clause of the section. To prevent this misapprehension the latter clause was added, thus retaining in the new practice the same rules by which to determine whether the proper parties were before the court, which then prevailed in the court of chancery.

The section in question requires that, except in a specified case, all who are *united in interest* shall be joined as parties ; and then declares that when the action involves a question of *common or general interest* to several parties, *or* when, though united in interest, the parties are very numerous and it is impracticable to bring them all before the court, then one or more may sue or defend for all. This I understand to be the clear and obvious import of the section. The distinction between

McKenzie *v.* L'Amoureux.

parties who are "*united in interest*" and those who have "a common or general interest" in the question, is aptly illustrated in this very case. By the will the testatrix gave to the children of her deceased sister Jane Ferguson a legacy of $400. The plaintiffs, James Ferguson, Elizabeth Ferguson and George Ferguson are those children. They are jointly, not severally, entitled to the legacy. Like three partners, suing for a debt due to them as partners, they are "united in interest," and must be joined as parties. But the plaintiffs, Isabella McKenzie and Barbara McKenzie are each entitled to a separate legacy. They have *a common interest* in establishing the will and having a fund provided for the payment of the legacies, but they are not united in interest with each other or the other legatees. So also in the case of the three legatees who are not made parties.

The error into which my learned associate has fallen arises from his failure accurately to distinguish between the two classes of cases in which it is allowable for one or more parties to sue for the benefit of others as well as themselves. He has evidently understood the statute to allow a suit to be brought in this form, when the question is one of common or general interest, and where, in such a case, the parties are very numerous and it is impracticable to bring them all before the court. Accordingly he says, " this is not a case in which the parties are very numerous," nor would it be "impracticable to bring them all before the court." "There are but three persons whose interest in the subject matter of the action is identical with the plaintiffs. These are not joined as plaintiffs, nor is there any reason assigned why they are not." I have already shown, I think, that when the question involved is one of "*common or general interest,*" the action may be brought by one or more for the benefit of all who have such common or general interest, without showing that the parties are very numerous, or that it would be impracticable to bring them all before the court. This latter provision applies indiscriminately to all actions, whether they involve questions of common interest or not.

I think the judgment should be reversed, and that the plaintiffs should have judgment upon the demurrer, with liberty to the defendants to answer upon payment of costs.

[ALBANY GENERAL TERM, September 1, 1851. *Harris, Watson* and *Wright,* Justices.