Garner agt. Wright.

---

# SUPREME COURT.

AARON C. GARNER agt. HORATIO N. WRIGHT, assignee of TUNIS H. SNYDER and PETER SHUFELT.

In an action against an *assignee* for the benefit of creditors, brought by a creditor for himself and all other creditors who might come in and avail themselves of the action, claiming an *accounting* by the assignee, and that the assignment be *reformed*, by substituting the proper name of an *indorser* with the plaintiff on a promissory note preferred in the assignment, instead of the name appearing in the assignment, which was alleged to have been mentioned or copied by mistake, *Held*, on demurrer to complaint for defect of *parties*, that the *indorser* of the note whose name was sought to be substituted by another, and the *assignors*, together with other *creditors*, standing in a lower class than that in which such note was stated, were necessary and proper parties, on a reformation of the assignment.

Garner agt. Wright.

*Columbia Special Term, January,* 1862.

DEMURRER to complaint for want of parties.

P. W. BISHOP, *for plaintiff.*

H. N. WRIGHT, *in person, for defendant.*

HOGEBOOM, Justice. This action is brought by the plaintiff, as well in his own behalf as in behalf of all the other creditors of Tunis H. Snyder and Peter Shufelt, who may choose to come in and avail themselves of the benefit of the action against the defendant as the general assignee of said Snyder and Shufelt, (insolvent debtors,) under an assignment dated the 22d day of November, 1856, to require *an account* of the property and effects which came into the hands of the defendant as such assignee, and to compel him to pay over and *distribute* the sum found due from him, upon such accounting, and to recover of the defendant the amount adjudged to be due the plaintiff on such accounting, and for general relief. The complaint, among other things, sets forth a copy of the assignment; alleges that certain specified accounts, demands and notes due to the assignors, have been paid to the assignee, and certain of their property has been sold and disposed of by the assignee; that a certain $1,000 note, due to the Union Bank of Kinderhook, first preferred in said assignment, has been paid as provided for therein; and that the defendant has realized out of the assigned property sufficient to pay a debt of $1,400, next preferred therein, over and above all previous charges and the expenses of the trust and debts previously preferred. In regard to this debt of $1,400, which is stated in the assignment as a note of $1,400, dated November 4, 1856, due to the Union Bank, payable two months from date, drawn by Snyder & Co., (the assignors,) and indorsed by Snyder and A. C. Garner, (plaintiff,) the complaint alleges that the plaintiff is the indorser upon said note, stated in the assignment as indorsed by *Snyder* and A. C. Garner; that said note is the only note men-

VOL. XXIV. 10

tioned in the second class of preferred debts; that said note was *in fact* indorsed by plaintiff and one *Shufelt*; and that the name *Snyder* is a clerical error, mistake or blunder of the draftsman or copyist; and that it was the true intent of the assignors that the aforesaid note should have been described as indorsed by said *Shufelt* and the plaintiff; "and this plaintiff asks that the same may be reformed in that particular, if necessary to protect the rights of the plaintiff under said assignment." The complaint then alleges that the plaintiff, as one of the indorsers of said note with Shufelt, has been compelled to pay the sum of $500 thereon, and that the defendant, although often requested to render an account as such assignee, has never done so, but refused to do so, until he was prosecuted for such purpose.

The defendant demurs to the complaint, because it seeks an account and appropriation of property "in which one Shufelt and others have an interest, and the said Shufelt and the other creditors are not joined as parties to this action."

The demurrer is not specific as to who are the other necessary parties besides Shufelt, or who are the other creditors of the assignors; and for that reason the demurrer is not entitled to a very favorable or liberal construction. But taking (as we must) the allegations in the complaint to be true, it is a part of the relief sought in the action, to *reform* the assignment by declaring that a note of $1,400, indorsed by *Shufelt* and the plaintiff, be substituted and incorporated in the assignment as a preferred debt in the second class, instead of a note indorsed by *Snyder* and the plaintiff. There is no allegation that there was in fact no note of that amount indorsed by *Snyder* and the plaintiff; and in the absence of such an allegation, I think we must presume that there was *such* a note, or at least one which *Snyder* is interested to protect. Snyder is not made a party to this suit, and may therefore be defeated of his

just rights, without having an opportunity to be heard. I regard him as a necessary party, unless the complaint is amended by inserting some allegations rendering the addition of such a party unnecessary. Moreover, that would seem also to be a question in regard to which the assignors have a right to be heard. They have made a preferential assignment, as they had a right to do ; and the instrument should not be altered or reformed, varying or disturbing the order of preference, without hearing them on the subject. There is also some doubt whether other creditors, who stand in a lower class than the one which prefers the $1,400 note in question, have not a right to be heard on the question, whether the assignment is to be reformed ; for if it is not to be, and there is no such note as the one described, indorsed by *Snyder* and Garner, their debts may come in for a portion of the fund ; whereas, if it is to be reformed, their debts may be excluded by the prior preferences absorbing the whole fund. There would seem, therefore, to be great propriety in hearing what they have to say on this subject.

The necessity of bringing in these parties, or some of them, is in no degree avoided by that provision of the Code which declares that " when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole. (*Code*, § 119 ; *McKenzie* agt. *L'Amoureux*, 11 *Barb.*, 516 ; *Bouton* agt. *City of Brooklyn*, 15 *Barb.*, 391 ; *Reed* agt. *The Evergreens*, 21 *How.*, 319 ; *Van Santvoord's Eq. Pr.*, 76, 77.)

There is nothing to show that the parties in this case come within the conditions of that section, either as to number or position. They occupy, or may do so, antagonistic positions and hostile interests, and are not, I think, so far properly represented, either by the plaintiff or defendant, as to exclude them from the right of being personally heard on the questions.

People *ex rel.* Baldwin agt. Haws.

This is all which it is necessary to say, in order to dispose of this demurrer. I therefore forbear to express an opinion whether the complaint calls for a general account of the trust fund and its distribution among all the creditors entitled thereto, or only for a partial account, so far as the plaintiff's interests are involved, and whether, in the latter contingency, any other parties are necessary than such as are now before the court.

There must be judgment for the defendant on the demurrer, with leave to the plaintiff to amend on the payment of costs.