## SUPREME COURT.

AARON C. GARNER agt. HORATIO N. WRIGHT, Assignee, &c., and others.

Where an action is brought by a creditor under an *assignment for the benefit of creditors,* against the *assignee* and all other creditors who choose to come in and avail themselves of the benefits of the action, and demands judgment that the assignment be reformed and corrected in a particular which is not common to all the creditors, but concerns the plaintiff, and that the assignee be required to account, the complaint is not demurrable for a *defect of parties plaintiffs.*

1st. Because the creditors are not *all united in interest* in respect to the reformation of the assignment. 2d. They are not all united in interest with the plaintiff in *all the relief* sought by the complaint, which is a sufficient excuse for not joining them as plaintiffs.

The relief claimed in such an action is *not inconsistent,* and there is really but *one cause of action* stated, arising out of one transaction.

*Albany General Term, March,* 1864.
*Before* PECKHAM, MILLER *and* INGALLS, *Justices.*

THIS is an appeal from an order overruling a demurrer to the complaint in the above action. It appears by the complaint that Teunis H. Snyder and Peter Shufelt, on the 22d day of March, 1856, made a voluntary assignment for the benefit of their creditors to the defendant Wright, who accepted the trust and entered upon the execution thereof. It is further in substance alleged in the complaint that the note secondly described in schedule " B," as a note for $1400, dated November 4th, 1856, signed by Snyder & Co., was by mistake described as *indorsed* by *Snyder* and the plaintiff, when it should be described as indorsed by one *Shufelt and the plaintiff.* That the plaintiff has been compelled to pay upon said note the sum of $400. The plaintiff demands judgment that the assignment be reformed and corrected in the particular above stated, and that the defendant Wright render his account as such assignee.

HORATIO N. WRIGHT, *appellant in person.*
P. W. BISHOP, *for respondent.*

I. This action is properly brought by the plaintiff in his own behalf, as well as others. (2 *Van Santvoord's Equity Practice, p.* 80 ; 25 *Howard's Pr. Rep.* 303.)

II. All parties interested in the fund are in court, and so far as defendant Wright is concerned, it is entirely immaterial whether they are so as plaintiffs or defendants.

III. There is not an improper joinder of actions, for in part there is but one cause of action set out in the complaint (9 *How. Pr. Rep.* 123). Section 167 of the Code provides as to joinder, &c. " The same transaction or transactions, connected with the same subject of action."

IV. There is not an improper joinder of parties (*Howard's Code, 3d ed. p.* 429, *note* 7). By section 274 of the Code, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. The object of this provision was to abrogate the common law rule, and to enable the court to award justice according to the rights of the parties, (20 *Barb.* 342 ; 1 *Kernan*, 294.) If a party is properly sued, he may insist that another ought to be sued with him, but he has no right to object that another who is sued with him is improperly made a defendant. (8 *How. Rep.* 389 ; 17 *New York Rep.* 592.) It cannot be said any more should be made defendants in this case, for all are made defendants whom the complaint shows alive (23 *How. Rep.* 97). It is not good cause of demurrer that too many are made plaintiffs and defendants (17 *How.* 56). An assignee may be joined with others as plaintiff (26 *Barb.* 16).

The Code says : " Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein." An assignee may be made defendant with another who is claimed to have purchased the property in the hands of the assignee fraudulently (23 *New York Rep.* 264).

V. If there are creditors who are not made parties, the objection can only be taken by answer. (2 *Paige,* 280 ; 3 *Id.* 222.)

VI. If amendments are necessary, they are allowed with great liberality as to parties. (*Barbour's Chancery Practice,* 206 ; *Id.* 209.)

By the court, INGALLS, J.   I think it is a sufficient answer to the objection alleged as the first ground of demurrer, that the plaintiff claims relief which is not common to all the creditors under the assignment, viz. : the reforming of the instrument in the particulars above mentioned. In this the creditors *are not united in interest,* and hence should not be joined as plaintiffs, but are properly made defendants (*Van Santvoord's Pleadings,* 2d ed. p. 131).   The following rule is laid down in relation to parties plaintiffs : " There must be one distinct general right, a community of interest, not merely in the subject matter involved, but also in the *relief demanded.*"

Nor is the objection which is alleged as the second ground of demurrer, viz. : that Jeremiah Shufelt, Teunis H. Snyder and Peter Shufelt, should be joined as plaintiffs in this action, well taken.   It does not appear by the complaint that they are all united in interest with the plaintiff in all the relief sought thereby, which is a sufficient excuse for not joining them as plaintiffs.   The 119th section of the Code evidently contemplates a case where parties are united in interest *in all the relief claimed* in the action, and such is the obvious construction to be given to that section when compared with sections 117 and 118 of the Code.

Nor do I think the objection alleged as the third ground of demurrer well taken.   There is really but one cause of action stated, arising out of one transaction, and the relief claimed is not inconsistent.   All the rights of the parties interested can be settled in this action.   Such being the case, two actions should not be tolerated. (*Gooding* agt.

*McAlister*, 9 *How.* 123, 129; *Cahoun* agt. *Bank of Utica*, 7 *N. Y. R.* 486; *Van Santvoord's Equity Practice*, *vol.* 1, *p.* 100; *Jeroliman* agt. *Cohen*, 1 *Duer*, 630, 633; *N. Y. & N. H. R. R. Co.* agt. *Schuyler*, 17 *N. Y. R.* 604; *McKenzie* agt. *L'Amoureaux*, 11 *Barb.* 516.)

The decision of the special term should be affirmed, with costs.