HEARD APRIL TERM, 1873.

## TERRY *vs.* CALNAN.

An action by a single creditor of an insolvent banking corporation against the Re-
ceiver of the corporate effects, and a number of individual stockholders, demand-
ing judgment against the Receiver for the amount of the debt, and against each
of the other defendants for a sum equal to twice the amount of his shares of the
stock—a provision of the charter declaring the stockholders individually bound to
that extent—is an action for equitable relief, and is defective for want of parties
plaintiff. Such an action must be brought by the plaintiff on behalf of himself
and all other creditors of the bank who may choose to come in and contribute to
the expenses of the suit.

BEFORE MELTON, J., AT COLUMBIA, —— TERM, 1872.

This was an action brought by Harvey Terry, plaintiff, against
Michael J. Calnan, as Receiver, and Sarah Wallace and others, as
stockholders of the Commercial Bank of Columbia, South Carolina,
defendants.

The case is fully stated in the opinion of the Court.

*Chamberlain, Seabrook & Dunbar*, for plaintiff.

*McMaster & LeConte, Carroll & Janney, Rion, Melton & Clarke*, for
defendants.

[As the only point decided is one of pleading and practice, and
is fully discussed in the opinion of the Court, it is deemed unneces-
sary to report the arguments, which were mainly directed to a
point upon which no opinion was given by the Court.]

Aug. 28, 1873. The opinion of the Court was delivered by

MOSES, C. J. The plaintiff, by his complaint, alleges that the
Commercial Bank of Columbia, South Carolina, was a corporation
organized under an Act of the General Assembly, passed December
13, 1831. That, by Act of 16th December, 1852, it was re-char-
tered for the term of twenty-one years from the 21st day of Decem-
ber, 1853. That the fourth Section of the Act renewing its charter
provides "that in case of the failure of the said bank, each stock-
holder, copartnership or body politic, having a share or shares in
such bank, at the time of such failure, or who shall have been in-
terested therein at any time within twelve months previous to such
failure, shall be liable and held bound, individually, for any sum
not exceeding twice the amount of his, her or their shares." That

under proceedings by virtue of an Act passed March 13, 1869, (14 Stat., 212,) the Commercial Bank, which, some time previous to 1st December, 1869, failed to pay its bills of credit, known as bank bills, and continuing so to fail up to the said last date, was held amenable to its provisions; and Michael J. Calnan, on the 22d day of December following, was, by the proper Court, duly appointed the Receiver of its assets and property. That the said bank is indebted to the plaintiff in the sum of $56,855 for its bank bills or notes, of which he is the holder. That, on 25th April, 1870, he demanded their redemption, both of the said Receiver and those who were last President and Cashier thereof, which was refused; and on the 27th of May, of the same year, permission was given to the plaintiff by the Judge of the Fifth Circuit to bring his suit for a remedy in this behalf against the said Michael J. Calnan, as Receiver of the said bank; that before the 1st day of March, 1865, the said bank had failed, and that in consequence thereof, under the fourth Section of its charter, (herein already set forth,) the stockholders holding shares, or who had been interested therein within twelve months previous to its failure, incurred the liability prescribed by it. The complaint then sets forth the names of various parties, whom it makes defendants, as the holders of certain shares, with their *par* value, and demands judgment against the said Calnan, as Receiver, for the amount of $56,855, no part of which, it alleges, has been paid, and against each of the other defendants for a sum equal to twice the amount of his, her or their share, shares or interest therein. The defendants, who are charged by the plaintiff with a liability by reason of their ownership of or interest in stock of the said bank, submit two grounds of demurrer: First. " That the complaint does not state facts sufficient to constitute a cause of action against them;" and, second, " that there is a defect of parties plaintiff in the omission of all the creditors of the bank who, after due notice, may choose to avail themselves of the proceedings by the plaintiff." The action having been brought to trial upon the issues of law joined, it was ordered by the Court " that the second ground of demurrer be sustained, but with leave to the plaintiff to amend his complaint so as to include as parties plaintiff all creditors of the bank who, after due notice, may choose to avail themselves of the plaintiff's proceedings;" and, secondly, " that the first ground of demurrer be overruled, but with leave to the defendants, upon the complaint being amended, as

hereinbefore specified, to withdraw the said first ground of demurrer, and to file their answers to the complaint." Terry, the plaintiff, appeals to this Court from so much of the " decree " as sustains the second ground of demurrer, and the defendants, who had demurred, also, from so much of it as overrules their first ground of demurrer. As the judgment of the Court sustains the second ground of demurrer, it will express no opinion on the point made by the appeal of the defendants from so much of the action of the Court below as overrules their first ground stated as cause of demurrer. This involves the whole merits of the case, and to decide now whether the facts alleged by the plaintiff constitute a sufficient cause of action might virtually affect the interest of those parties who should be before the Court with the same opportunity of presenting their claims as the plaintiff seeks by his complaint. It is true that no judgment, if now rendered, could directly deprive them of their rights as creditors of the bank or extinguish the liability of the stockholders in their behalf, if any such liability exists; yet, as they are materially interested in the subject-matter of the suit, they should be made parties, that they may occupy the same position and advantage that the plaintiff demands by his suit; at any rate, so far as he claims satisfaction through the property and assets of the bank, which is a common and general fund for the benefit of all its creditors. To hold that there is a defect of parties because all the creditors of the bank who, after due notice, may choose to avail themselves of the proceeding, and then to pass upon the facts stated, on which the plaintiff before us rests his right of action, would not only be inconsistent, but contradictory. If the pleadings are incomplete because of a defect of parties, the case is not ready for final adjudication. We shall, therefore, proceed to consider the second ground of demurrer brought here by the appeal of the plaintiff.

The authorities which have been referred to in the learned argument of the counsel of the appellant, on the question now before us, to show that where the individual stockholders of an incorporated company are liable to the amount of their stock for the debts of the corporation, or where the words of the charter impose a several and not a joint liability on the stockholders, an action may be maintained against an individual stockholder, and a recovery had to the extent of the amount for which he is so made responsible, have no application to the case here. Such is not the character of the action

of this plaintiff. He has not, as in the case cited by his counsel, sought a remedy by an action against a several stockholder, but, on the contrary, has included, in one suit, a large number of persons, who, he asserts, " were the holders of shares, within twelve months previous to the said failure, of the respective amounts set opposite to their names," and demands a separate judgment against each, " for a sum equal to twice the amount of his, her or their share, shares or interest therein." If it is to be considered an action at law against all who were stockholders at any time within twelve months previous to the failure of the said bank, must not the judgment conform to the action ? And how can a several judgment be the consequence of a joint action ? The proceeding including all the stockholders averred to be liable, it would be difficult, and certainly inconsistent with any form of pleading of which we are cognizant, to frame a joint judgment on an assumed separate liability. Nor would the task be more easy of accomplishment to frame a several execution on such a judgment. It is assumed to be an undertaking by each for a separate amount, varying in proportion to the number of shares individually held, and yet all are joined in one common suit, as if each was responsible for the whole. The form of the complaint as to the parties is not reconcilable with any claim to relief but such as can be granted through the equitable jurisdiction of the Court. There is another view of the proceeding which precludes it from being regarded as one at law. The Receiver of the bank is made a defendant, and judgment demanded against him in that character for the whole amount of the indebtedness claimed by the plaintiff. In the event of a judgment, is he to be included with the other defendants? He only represents the property and assets of the bank, and is only liable to an account for such as he has received and for what may have been lost by his neglect. The plaintiff could in no event make him answerable for more, nor is an action at law maintainable against him at the instance of a creditor of the bank. If he holds funds he cannot appropriate them without the authority of the Court, which has the right to administer them. A judgment at law could not operate on any property in his hands by virtue of his office, so as to subject it to sale under an execution without the order of a Court having competent jurisdiction in that regard. He is here a proper party, because the assets of the corporation, in his hands, must be applied in aid of the stockholders to diminish, to the

extent they may avail, whatever liability the charter may have imposed on them, on the equitable principle that, if the stockholders are liable for the debts of the corporation, its property is to be administered in their aid to lighten the burden which may fall upon them. Regarding the proceeding, then, as one addressed to the equitable jurisdiction of the Court, it remains to be considered whether it is defective for the want of proper parties, according to the rules which pertain to that jurisdiction, for one who asks its aid must comply with the rules which it has prescribed for its regulation.

It would be a vain and useless task to refer to the many authorities, both in the text books and decided cases, to ascertain the principle upon which a Court of Equity acts in regard to the parties which it requires to be brought before it, as necessary and proper in the matter upon which it is to pass judgment, after the complete and comprehensive statement of Mr. Justice Story, in *West* vs. *Randall,* 2 Mason, 181–190, and his full reference to the authorities upon which he founds it. His careful examination, aided by the sound and able judgment which he was enabled, by its possession, to bring to all questions before him, induced his conclusion in the following language : " It is a general rule in equity that all persons materially interested, either as plaintiffs or defendants, in the subject-matter of the bill, ought to be made parties to the suit, however numerous they may be. The reason is that the Court may be enabled to make a complete decree between the parties, may prevent future litigation by taking away the necessity of a multiplicity of suits, and may make it perfectly certain that no injustice shall be done either to the parties before the Court, or to others who are interested, by a decree that may be grounded upon a partial view only of the real merits."

The reasons upon which the learned Judge founds his judgment finds ready application to the case here. All the creditors of the bank have " a material interest " in the fund in the hands of the Receiver, which is " the subject-matter of the bill." In fact, " a complete decree " cannot be made and " future litigation " prevented, or " a multiplicity of suits " avoided, but by making all who may be creditors of the bank parties. Suppose the whole fund in the hands of the Receiver shall prove insufficient to pay the claim of the plaintiff, if established—then the deficiency must be contributed by the other defendants. And how are the proportion-

ate amounts thus required to be ascertained through the machinery of a Court of law ?  Suppose the fund should not be adequate to meet the alleged claim of the plaintiff, and the stockholders should prove insolvent, is he to have the whole benefit of it, to the exclusion of all other creditors ?  Or, suppose that the relation in which the stockholders, under the statute, stand to each other will carry with it the right and claim to contribution—how is this to be effected through a Court of law ?  Still more, if the liability of the stockholders, as insisted on in the argument, is individual, and each several creditor might bring a separate suit against each stockholder, though the number of all of these, as in the case before us, might not fall far short of a hundred, equity might well interpose, if but to prevent a multiplicity of suits.

Nor do the provisions of the Code of Procedure now in force vary the rules which, before its adoption, regulated the practice of the Courts of Equity in regard to parties.  Section 145 Gen. Stat., 597, provides as follows: "The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in."  The Sections of our Code in regard to parties are identical with those of the New York Code, and in *McKenzie* vs. *Lammauriceaux*, 11 Barb., 516, the Judge delivering the opinion of the Court said : "So far was the Legislature from intending any change in the rule on this subject, that in making the great changes contemplated by the adoption of the Code it was careful to preserve this convenient practice of the Court of Chancery.  *  *  * The Section 'and when the question is one of common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the Court, one or more may sue or defend for the benefit of the whole,' was, therefore, inserted."  The said Section in the New York Code is the 119th, and in the same language is the 142d of our Code.

The Section is permissive, so far as it allows " one or more to sue or defend for the benefit of the whole."  Those so suing are substituted on the record in place of the whole, and " when the question is one of common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the Court," they are accepted as representing the

whole and suing in their behalf." In *Wallace & La Tourette* vs. *Eaton et al.*, 5 How. Pr. R., 100, Justice Mason said : " The present Code of Procedure has adopted, with some slight modifications, the rule in relation to parties which has heretofore obtained in Courts of Equity ; and in *Hallenbeck* vs. *Van Valkerburg, Ib.* 284, Parker, J., said : " The former chancery practice is now adopted as to making parties." The jurisdiction of equity was asserted by the New York Courts, to entertain suits by one or more creditors against all the stockholders of a corporation ; in *Slee* vs. *Bloom*, 19 John., 456, where the charter declared that " for all debts of the company at the time of its dissolution, the persons then composing such company shall be individually responsible to the extent of their respective shares of stock in the company," and in *Briggs* vs. *Penniman*, 8 Cowen, 387, where the liability was of a like character under the same statute. Chancellor Walworth, in *Van Hock* vs. *Whitlock*, 5 Paige, 416, said : " The complainants had a remedy, though I admit a very difficult and imperfect one, by action at law against the several stockholders for the amount which each was liable to contribute towards the payment of the respective debts due from the corporation."

The decisions of our Courts are in conformity with the principle which, as already stated, Mr. Justice Story announced in *West* vs. *Randall*, as the general rule on the subject in question. In *Trescott* vs. *Smyth*, 1 McC. Ch., 303, it is laid down that to bills for relief all persons interested must be made parties, and in *Johnston* vs. *S. W. R. R. Bank*, 3 Strob., 329, in some aspects resembling the case here, so far as the plaintiff was regarded as a general creditor of the bank, it was held " that all the creditors interested in the fund should be represented." The property and assets of the bank in the hands of the Receiver constitute a fund for the benefit of all creditors—it is a " subject-matter in which they are materially interested," and the plaintiff has no special right, to the exclusion of all occupying the same position, which he holds in relation to it.

Mr. Morse, in his work on " Banks and Banking," at page 438, says : " General principles would lead, without doubt, to the conclusion that the creditors ought properly to seek their remedy in equity. Unless the phraseology of some special statute should authorize a divergence from these principles, clearly the creditors ought to share equally the funds which must be contributed by the shareholders."

The case before us strikingly shows the value of the principle. Here one creditor claiming a debt of $56,855 includes in his suit nearly a hundred persons, who,. he avers, are liable, under the charter of the bank, to over a half million of dollars, while all he asks is the payment of his demand. An adherence to the rule is commended by every consideration which induced it, and there could not be a case in which its application would be more appropriate.

While the motion of the plaintiff is dismissed, the order of the Circuit Court must be modified: and it is, therefore, ordered that the plaintiff have leave to amend his complaint by stating that it is brought on behalf of himself and all other creditors of the said bank who should afterwards seek to come in on the usual terms. The case is remanded.

*Wright*, A. J., and *Willard*, A. J., concurred.