(8 Misc. Rep. 339.)

CLARKE v. CLARKE.[1]

(Supreme Court, Special Term, Monroe County. January, 1893.)

1. PARTIES—ACTION BY ONE FOR BENEFIT OF SEVERAL.
    Code Civ. Proc. § 448, provides that where an action involves a question of common interest to many persons, or where the persons who might be made parties to an action are very numerous, and it is not practicable to bring them all before the court, one may sue for the benefit of all. Held, that where a testator devised land to his widow for life, remainder to his heirs, who were numerous and lived far apart, to take as if he were intestate, one of the heirs may sue, for the benefit of all, to determine whether taxes on such land are payable out of the rents, or are chargeable to the remainder-men.

2. WILLS—LIFE TENANT—LIABILITY FOR TAXES.
    Testator devised his real estate to his widow for life, remainder over, and gave her an annuity. He also provided that the taxes, repairs, etc., on such real estate, should be paid from the general estate, without burden or charge on the annuity; and that, in case the widow should rent the real estate devised to her, or any part of it, the proportionate part of the taxes, etc., on the part rented, should be paid out of the annuity. Held that, where the widow occupied the premises, neither her annuity nor the rents were chargeable with taxes and repairs, but the remainder was liable therefor.

Action by M. Wallace Clarke against Eliza W. Clarke, individually and as administratrix, for direction that taxes on certain premises

[1] Affirmed. See 29 N. Y. Supp. 1142.

be paid from the rents, and that a receiver be appointed for that purpose. Complaint dismissed.

Dunmore & Sholes, for plaintiff.

Fanning & Williams and Theodore Bacon, for defendant.

BRADLEY, J. The plaintiff is one of the heirs at law of David Clarke, who died in 1874, leaving a will, which was admitted to probate; and letters testamentary were issued to Ezra Jones, who was nominated as executor by the will. He continued to act as such until in December, 1878, when he was removed from such relation, and letters of administration, with the will annexed, were granted to Eliza W. Clarke, the defendant, who was the widow of the testator. By his will he gave his wife (the defendant) $700, and the household furniture and personal property in the homestead premises, except certain specified portions thereof bequeathed to others. He also devised to her, for her use during her life, such homestead premises, which consisted of a house and lot situated in the city of Rochester, N. Y., or so long as she should remain his widow. He also directed the executor to pay her an annuity of $400, in quarterly payments, during her life. The bequests and devise to her were in lieu of dower. He made some further bequests to several persons, to be paid after the decease of his wife. He devised and bequeathed all the rest and residue of his estate, real and personal, to the executor, as trustee, with power to sell and make distribution among his heirs; they to take as if he had died intestate. It appears by the complaint that the plaintiff brought this action "as well in his own behalf as in behalf of the other heirs at law and next of kin of David Clarke, deceased, having a common and general interest with this plaintiff in the real estate," described in the complaint as the house and lot before mentioned.

The first question that arises is whether the plaintiff can, without the presence of other heirs as parties, maintain this action for the purposes of the relief sought by it. The heirs of the testator are quite numerous, and their places of residence are somewhat remote from that of the plaintiff, and from those of each other. The statute provides that where the question is one of common or general interest of many persons, or where the persons who might be made parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all. Code, § 448. Those are exceptions to the general rule that those who are united in interest must be joined as plaintiffs or defendants, or that those of them who otherwise should be plaintiffs, and refuse to become such, may be made defendants. Id. And there is a further provision of the statute that, "Where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in." Id. § 452. In the present case the only question legitimately and necessarily for determination is whether or not the taxes and assessments upon the premises, during the continuance of the life estate in them of the widow of the testator, are, as between her and

his heirs, chargeable upon the rents and profits of the real estate. If they are not, the burden falls upon the estate in remainder, or those who are interested in it. In that respect, the question is one of common interest of the heirs, and, in view of the fact that there are many, the case would seem to come within the rule which permits one of them to sue for the benefit of all. Farnam v. Barnum, 2 How. Pr. (N. S.) 396; McKenzie v. L'Amoureux, 11 Barb. 516; Kerr v. Blodgett, 48 N. Y. 62; Prouty v. Railroad Co., 4 Thomp. & C. 230; Brown v. Ricketts, 3 Johns. Ch. 553. No diverse interests of the heirs in the controversy can arise upon the question before mentioned, as between them and the defendant; and in that respect there is, and can be, no controversy about the construction of the will. They take the residue, and their interest in the question of the payment of the taxes is that of all of them in common. In that respect the present case differs from that of Bear v. Telegraph Co., 36 Hun, 400. There the persons not made parties plaintiff, and who had joined in the agreement of transfer to the trustees, may not have deemed the relief sought to be for their interest; but, as said by the court, they might elect to continue the trustees in their offices. The question was not one of common or general interest of all of them, and therefore a complete determination of the controversy could not be had without the presence of all the parties to the agreement. The other cases cited on this question, on the part of the defendant, do not require any special consideration. The view taken is that the action was properly brought for the purposes of the relief sought.

The more important question is whether the life estate in the premises is chargeable with the taxes assessed upon them during its continuance. The general rule is that it is the duty of the life tenant to keep down the taxes, and the rents and profits of the life estate may be deemed charged with that burden. Cairns v. Chabert, 3 Edw. Ch. 312. And that doctrine is applicable to this case, unless it appears by the will that the testator, in creating the estate, manifested a purpose to the contrary. If it appears that his intention was that the life tenant and her estate should be relieved from that burden, she is not, nor are the rents and profits, chargeable with it during her life. Gerard, Real Est. (3d Ed.) 142; Moseley v. Marshall, 22 N. Y. 200; Deraismes v. Deraismes, 72 N. Y. 154. Upon this subject the testator directed that the taxes, repairs, necessary improvements, and insurance be paid by the executor from the general estate, without burden or charge upon the annuity given to his wife. This was qualified by the further provision of the will that, in case she should "rent the whole or any part of the said homestead, she shall pay a part of the taxes, insurance, and repairs, proportioned to the part so rented," and that the executor should retain for that purpose such proportionate share from the annuity given to her by the will. These provisions, except in the event last mentioned, clearly indicate the intent and purpose of the testator that his wife should not be burdened with the payment of taxes assessed upon the premises. The testator seems to have contemplated that his estate, other than this homestead lot, would be

such as to enable the executor to pay, not only such taxes, but the annuity to his wife also. The situation turned out quite differently. The entire estate, other than the premises in question, was exhausted; and nothing remained with which to keep down the taxes, nor any personal property with which to pay such annuity. The defendant elects to occupy, and not rent, the premises, or any portion of them. It is urged on the part of the plaintiff that, in view of the purpose of the testator (founded upon his expectation that his personal property would be sufficient for the purpose) that the taxes should be paid by the executor, the remainder-men cannot be charged, because no intent on his part that they should pay them is manifested by the will, and therefore, since his personal representative is without funds to pay them, the situation is the same as it would have been if no reference had been made to the subject of taxes by the testator. Such conclusion is not apparent. If the testator intended that his wife and her life estate should not be burdened with the payment of taxes, the manner he expected such relief would be accomplished, and its failure, are not very important for the purpose of the question here, unless it also appears that he intended that, in any event, the remainder and its beneficiaries should be relieved from the burden of taxes assessed during the life estate. It may be assumed that the testator expected that neither the life tenant nor the remainder-men would be charged with their payment during the precedent estate. But the reason for his purpose that she should not be required to pay taxes evidently arose from his desire that his widow should, unmolested by such burden, be permitted, during her life, to enjoy the use of the premises as a home; and it is fairly inferable that, upon the faith of the provisions of the will in this and other respects beneficial to her, she accepted the devise and bequests in lieu of dower. In Isenthart v. Brown, 1 Edw. Ch. 411, the vice chancellor said the provision made for her in lieu of her right of dower "is the price put by the testator himself upon that right, and which she is at liberty to accept. Her relinquishment of dower forms a valuable consideration for the testamentary gifts. In this point of view, she becomes a purchaser of the property left to her by the will." In the present case, nothing appears to indicate any intent on the part of the testator that the beneficial enjoyment by the life tenant of the premises, if she chose to occupy them, should in any event be qualified by the burden of keeping down the taxes in behalf of the remainder-men. But he simply made his heirs the beneficiaries of the residue of his estate remaining after the death of his wife,— the life tenant.

The conclusion is that she is not, nor are the rents and profits of the premises, during the continuance of her estate, chargeable with the taxes, as between her and such heirs. The complaint should therefore be dismissed, with costs.