(Supreme Court, Trial Term, Rensselaer County. February, 1899.)

1. PARTIES PLAINTIFF—NONJOINDER—COMMON INTEREST—RECEIVERS.
    Under Code Civ. Proc. § 448, providing that persons united in interest must be joined as parties, except "where the question is one of a common or general interest of many persons," one of three holders of receiver's certificates may sue for all to have the certificates declared a first lien.

2. SAME—PLEADING—CONCLUSIONS.
    Plaintiff need not allege that he has a common interest with the other holders, where facts are alleged from which the court may draw that conclusion.

3. RAILROADS—MORTGAGES—RECEIVERS—CERTIFICATES—ISSUANCE—LIEN.

Where railroad bridges on the main line are unsafe, and the railroad commissioners condemn them, and order a receiver of the railroad to rebuild them, and they are rebuilt pursuant to contract with the receiver, it is proper to authorize the receiver to issue certificates for the cost, which shall be a lien.

4. SAME—NOTICE TO BONDHOLDERS.

Where the receiver of a railroad is permitted to issue certificates with the consent of the trustee for the bondholders, it is equivalent to notice to the bondholders.

5. SAME—PLEADING—DEMURRER.

On general demurrer to a complaint to establish certificates issued by the receiver of a railroad as a first lien, and to foreclose the lien, the court need not determine whether the certificates are paramount to a mortgage.

6. SAME—DRAFTS—JUDGMENT—MERGER.

The receiver of a railroad drew a draft for the cost of building a bridge, payable to the contractor, which was accepted. The contractor indorsed the draft, and a bank discounted it, and afterwards recovered judgment thereon against the acceptor. *Held*, that a subsequent order, authorizing the issuance of receiver's certificates to pay the draft, was not void on the ground that the draft had become merged in the judgment, the judgment not having been paid.

7. SAME—PAYMENT.

Nor was the delivery of the draft to the contractor a payment of his claim against the receiver.

Action by the Hilton Bridge Construction Company against William Foster, Jr., and others. On demurrer of defendant Rockerfeller to the complaint. Overruled.

Abraham Lansing, S. W. Rosendale, and John Delahunty, for plaintiff.

L. W. Baxter, for defendant Rockerfeller.

CHESTER, J. The defendant Rockerfeller demurs to the complaint on the grounds: First, that there is a defect of parties; and, second, that the complaint does not state a cause of action. The plaintiff sues for itself as well as for others similarly situated. The suit is brought to procure an adjudication that certain receiver's certificates are a first lien upon what is known as the Lebanon Springs Railroad, and for the foreclosure of such lien. The complaint alleges that such certificates to the amount of $23,000 were issued in sums of $1,000 each, pursuant to the order of the court, to pay the plaintiff for the construction by it of certain bridges and approaches thereto on the line of said railroad under a contract made between it and said receiver, 10 of which certificates are alleged to be now held by the plaintiff, 12 by the National Commercial Bank of Albany, and 1 by some person to the plaintiff unknown. The demurring defendant insists that the National Commercial Bank of Albany and the unknown holder of the one certificate are necessary parties to the action. It is undoubtedly the general rule that all persons united in interest must be joined as plaintiffs or brought in as defendants. This rule is stated in section 448 of the Code of Civil Procedure, but that section makes two exceptions to the general rule: First, "where the question is one of a common or general interest of many persons," and, second, "where the persons who might be made par-

ties are very numerous, and it may be impracticable to bring them all before the court." In either of these cases, by the authority of that section, "one or more may sue or defend for the benefit of all." Manifestly, the case presented here is not one that may fairly be classed as within the second exception. Three parties are not so numerous as to render it impracticable to bring them all before the court. It cannot be doubted, however, that these three parties have a common interest in the question involved in this action. They are each the holder of one or more certificates, issued at the same time for the same purpose, and payable at the same time. These certificates are alleged to be a lien upon the same property, and prior to certain other obligations mentioned in the complaint held by various defendants. The three owners have a common interest in establishing this alleged lien, and in fact in all the relief sought in the action. The question presented is whether or not this is a common interest of "many persons," within the meaning of the section referred to. The term "many," is a very indefinite expression. While, on the one hand, most of the standard dictionaries interpret the word to mean "numerous," and "multitudinous," the same authorities recognize it as synonymous with "several," "sundry," "various," and "divers." The Century Dictionary gives one definition of it as "being of a certain number, large or small." It would be a proper use of the term, within these definitions, for instance, to ask, "How many persons are similarly situated with the plaintiff?" and correct to answer, "Two besides the plaintiff." This view of the meaning of the term as used in the statute was taken by the Albany general term in the leading case of McKenzie v. L'Amoureux, 11 Barb. 516, where the opinion was written by Mr. Justice Harris, and in which it was held that, where the question involved was one of common or general interest to three persons, the action might be brought by one for the benefit of all. This case has been recognized as an authority in several subsequent cases. Kerr v. Blodgett, 48 N. Y. 62; Havemeyer v. Refining Co. (Sup.) 13 N. Y. Supp. 873; Clarke v. Clarke (Sup.) 29 N. Y. Supp. 338, affirmed Id. 1142; Prouty v. Railroad Co., 1 Hun, 655, at page 667; Farnam v. Barnum, 2 How. Prac. (N. S.) 396, at page 404. In the case last cited it was said that "it is the character of the interest which controls, rather than the number of persons." McKenzie v. L'Amoureux is also recognized by Van Santvoord in his well-known work on Equity Practice (volume 1 [2d Ed.] p. 6, and note), where he states the rule as laid down by Mr. Justice Harris, and cites that case.

But it is said here on behalf of the demurrant that McKenzie v. L'Amoureux was decided under section 119 of the old Code of Procedure; that the section was changed when it was brought into the Code of Civil Procedure (section 448); and that by reason of such change, and of the decision in Bear v. Telegraph Co., 36 Hun, 400, which was made under the new Code, the McKenzie Case is in effect overruled. A comparison of section 119 of the old Code with section 448 of the new, shows that there has been, so far as the question presented here is concerned, only a very slight change in phraseology in the section, and absolutely no change in meaning. Nor is the

McKenzie Case in any sense overruled by the Bear Case, as I read it. In the latter case, the court expressly stated that the controversy was not one of common interest to many persons, neither were the persons so numerous that it was impracticable to bring them all before the court, and the decision was put upon the ground that it was a case where there could not be a complete determination of the action without the presence of other parties, and that in such a case it was mandatory upon the court to require them to be brought in. Code Civ. Proc. § 452. Here there can be a complete determination of the action without the presence of any other party, and an interlocutory judgment will operate in favor of each of the holders of these receiver's certificates, whether he actually comes in the action or not, as effectually as if he had been named, and had appeared as a party; and after such judgment no holder of one of the certificates would be allowed to proceed with a separate action for relief, but he must come in, and prove his claim, and seek his relief in this action. Kerr v. Blodgett, 48 N. Y. 62; Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663. Section 786 of the Code of Civil Procedure provides a method for giving notice to other holders of certificates in an action of this character to come in and prove their claims. I conclude, therefore, that this suit is properly brought by the plaintiff in its own behalf as well as in behalf of others similarly situated, and that there is no defect of parties.

The cases cited by the defendant of Kirk v. Young, 2 Abb. Prac. 453, where it was held that 35 persons, and the case of Brainerd v. Bertram, 5 Abb. N. C. 102, where it was held that 40 persons, were not so numerous as to make it impracticable to bring them all before the court, are not authorities against the conclusion I have reached, for the reason that they were each decided under the last clause of section 119 of the Code of Procedure; that is, under the second exception above referred to, and not under the first, with reference to a common interest of many persons.

With respect to the second ground of demurrer, so far as that is based upon the claim that the form of the action is prohibited by section 448 of the Code of Civil Procedure, nothing further need be said, as I have arrived at the conclusion in discussing the first ground that the action is properly brought. While there is no direct allegation in the complaint that the plaintiff has a common interest with the other holders of the certificates upon which the action is brought, yet all the facts are there stated at length, showing the consideration, the issuing and the ownership of such certificates, from which the court can draw the conclusion as to the common interest. I apprehend it is not necessary to allege the conclusion when the facts upon which the conclusion is based are properly pleaded, in order to bring the case within one or the other of the provisions of section 448 of the Code, which authorize a person to sue for himself as well as for others.

It is also urged in support of the second ground of demurrer, that the claim of the plaintiff was not of such a character as to authorize the court to direct the receiver to issue his certificates therefor, and make them prior liens to the bonds held by this defendant and other

parties. The substance of the complaint in this respect is that a report had been made, in the spring of 1892, to the board of railroad commissioners of the state, by the engineer of the board, that two certain bridges and the approaches thereto on the line and roadway of the Lebanon Springs Railroad were unsafe; that said bridges were thereupon condemned by said commissioners, and the receiver ordered by them to have the same rebuilt; that said bridges were, in fact, unsafe, not susceptible of repair, and indispensable to the operating of said railroad; that the plaintiff thereupon, pursuant to a contract made with such receiver, constructed the new bridges and approaches in the place of the condemned bridges, and the same were, prior to April 1, 1893, accepted by said receiver, and used by him in operating said railroad as an essential part of its main roadway in its daily business, and that they remain an essential part of its roadway. Then follow allegations concerning the application to the court by the receiver for an order granting authority to issue the certificates in question, the making of the order, the issuing of the certificates, dated May 1, 1894, and the delivery of $22,000 of them to the plaintiff to secure the indebtedness of the receiver to the plaintiff for building said bridges and approaches. It is also alleged that the application by the receiver for leave to issue the certificates was granted by consent of the trustee for the bondholders. This was equivalent to notice to bondholders as the trustee represented them. Beach, Rec. § 383, and cases cited. The building of these bridges and approaches under the facts stated in the complaint was essential not only to the safe, but to any, running of trains over the road. It appears to me clear that their cost was a necessary expense of the receiver for the preservation of the property in his hands, and for the operation of the road. If so, the court could lawfully authorize the issuing of receiver's certificates therefor, and make them a lien on the property in the hands of the receiver. Wallace v. Loomis, 97 U. S. 146; Miltenberger v. Railroad Co., 106 U. S. 286, 1 Sup. Ct. 140; Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 6 Sup Ct. 809. Whether these certificates are a paramount lien over the claim held by this defendant, can more properly be determined on the trial, or when there is a fund in court to be distributed, than now, and I do not deem it necessary to discuss that question here. If they are a lien, whether prior or not to the claim of the defendant, they are the proper subject of an action to foreclose, in which the question of their priority can be determined; and that is one of the questions the plaintiff seeks to have determined.

It also appears by the complaint that, after the plaintiff had completed these bridges, and they had been delivered to the receiver, the latter drew his drafts upon the defendant William Foster, Jr., to the amount of $20,000, payable to the order of the plaintiff, and that the drafts were accepted by Foster; that such drafts were indorsed by the plaintiff, and discounted by the National Commercial Bank of Albany; that they were not paid at maturity, or at any time; that judgment was recovered thereon by the bank against Foster; that execution was duly issued on such judgment against Foster, and returned wholly unsatisfied; that no part of said judgment or

of said drafts has ever been paid; and that said drafts were drawn by said receiver on account of the indebtedness represented by the certificates upon which this action is brought. The defendant insists that by reason of this judgment against Foster the drafts were merged in the judgment, and extinguished by it, and therefore the order of the court authorizing the issuing of receiver's certificates to pay the drafts, as well as the certificates issued under the order, are void. An examination of the numerous authorities cited by counsel in support of this proposition shows that they were all cases where a judgment had been recovered against one of two or more joint debtors, and it was held that the obligation sued upon was merged in the judgment, and that thereafter no action could be maintained against any of the other joint debtors, even though the judgment remained unpaid. But that is not the case here. The drafts upon which the judgment was procured were not joint obligations of the parties thereto, but were the several obligations of Foster, the acceptor, of the receiver, the drawer, and of the plaintiff, the indorser, and therefore the cases cited do not apply. While the drafts were undoubtedly merged in the judgment recovered against Foster upon them so far as the parties to that action are concerned, yet neither that fact nor the judgment, so long as it remains unpaid, can be asserted to prevent the owner of the original debt for which the drafts were given from pursuing any other lawful remedy to collect the claim. Iron Co. v. Walker, 76 N. Y. 521; Manufacturing Co. v. Connell, 88 Hun, 254, 34 N. Y. Supp. 717. Nor did the delivery of these drafts to the plaintiff by the receiver constitute a payment of the debts incurred by him for building bridges. Roberts v. Fisher, 43 N. Y. 159; Catlin v. Munn, 37 Hun, 23. I conclude, therefore, that the complaint states a cause of action, that there is not a defect of parties, and that the demurrer should be overruled, with costs, with leave to this defendant to answer upon payment of such costs.

Demurrer overruled, with costs, with leave to defendant to answer upon payment of costs.