(54 Misc. Rep. 152)

## CLIMAX SPECIALTY CO. v. SENECA BUTTON CO.

(Supreme Court, Special Term, Seneca County. January, 1907.)

**1. PARTIES—PLAINTIFFS—COMMUNITY OF INTEREST—ONE SUING FOR ALL.**
    Code Civ. Proc. § 448, provides that all persons united in interest must be joined as plaintiffs or defendants, except as otherwise prescribed, but also states that, "where the question is one of a common or general interest of many persons, * * * one or more may sue * * * for the benefit of all." *Held,* that the owners in severalty of water rights on a certain race have such a common or general interest respecting the invasion of their respective rights by the wrongful act of a party in cutting off their common source of supply as is contemplated by the above section.

**2. SAME—PARTIES SUING ON BEHALF OF OTHERS INTERESTED.**
    Four persons are sufficient to constitute "many persons," under Code Civ. Proc. § 448, providing that, "where the question is one of a common or general interest of many persons, * * * one or more may sue * * * for the benefit of all."

**3. WATERS AND WATER COURSES—DIVERSION—ACTIONS—DEFENDANTS—JOINDER.**
    Where one owner of water rights in a race raises a dam, thus wrongfully diverting water from another race in which plaintiff has rights, it is not necessary, in an action for such wrong, that the other proprietors along the race in which the water was raised by the dam should be made

defendants, where it does not appear that they had united with the defendant in the act complained of, or claimed any rights in the additional water diverted by the dam.

4. PLEADING—GENERAL DEMURRER.

Demurrers that plaintiff is not authorized, or has not legal capacity, to sue for itself and others, and that there is no cause of action stated, are taken to the complaint as a whole, and are not available as to a separate cause of action stated therein and not specified in the demurrer, unless they are good as to the whole complaint, under the provisions of Code. § 492.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 486.]

Action by the Climax Specialty Company against the Seneca Button Company. On demurrer to the complaint. Overruled.

J. N. Hammond, for plaintiff.
Charles A. Hawley and Ernest G. Gould, for defendant.

SUTHERLAND, J. The plaintiff states in the complaint that the action is brought "for the benefit of itself and of all others who are similarly situated and interested in the questions involved herein and who may contribute to the expenses of the same." The plaintiff's cause of action as alleged may be briefly summarized as follows: The plaintiff owns mills and water rights in the village of Seneca Falls on the Dey race on the north side of Seneca outlet, also called "Seneca River," the water for which race is made to flow therein by a wing dam across said stream. Further up the stream is another dam, by means of which a portion of the water of said outlet is run into what is known as the "Sackett & Bascom Race" on the south side, the water from which flows again through tail races into the outlet at points mostly below the wing dam at the head of the Dey race. The complaint alleges that the dam furnishing water for the Sackett & Bascom race was built by the joint efforts and contributions of the owners of hydraulic rights on both sides of the stream at that point, and under an agreement that the waters diverted into the Sackett & Bascom race should in no event exceed one-half the waters of the outlet, and that the other half of the water should be reserved for the mill owners on the Dey race, and that the dam thus constructed under such agreement had been maintained for more than 20 years in a condition to reserve for the proprietors on the Dey race their one-half of the water flowing through said stream, who used and claimed said half as their right during all that time, but that the defendant corporation, which has since acquired rights upon the Sackett & Bascom race, has wrongfully raised the dam serving the Sackett & Bascom race to such an extent that more than one-half of the water is now diverted into the Sackett & Bascom race, thus depriving the plaintiff and the other proprietors on the Dey race of their due proportion of said water; and the plaintiff demands judgment that the defendant be required to restore the dam to its former condition, and be enjoined from interfering with the due and accustomed flow of water into the Dey race, and that the plaintiff have such damages as it has incurred by reason of the wrongful act of the defendant. The defendant challenges the right of the plaintiff under

the facts stated to maintain an action for himself and other proprietors of water rights injuriously affected by the act complained of.

Section 448 of the Code of Civil Procedure provides that all persons united in interest must be joined as plaintiffs or defendants, except as otherwise prescribed, but also states that, "where the question is one of a common or general interest of many persons, * * * one or more may sue * * * for the benefit of all." But in this respect the defendant urges, first, that the subject-matter of this action does not involve a question of interest common or general to the owners in severalty of water rights on the Dey race, in the sense in which those words are used in section 448, and also that it does not appear that there are "many persons" interested in the question; but as to the interest which the Dey race proprietors, holding their respective lands in severalty, have in common or in general respecting the invasion of their respective rights by the wrongful act of the defendant in cutting off their common source of supply, it would seem to be clear that that interest in the subject-matter of this action and in the relief sought is of a kind which would authorize them all to join as plaintiffs, if that method were chosen, or each proprietor could sue alone, and one can sue for all, provided the other condition named in section 448 requisite to the bringing of such a representative action is fulfilled, viz., that "many persons" are so interested. Lawrence et al. v. Whitney et al., 115 N. Y. 410, 22 N. E. 174, 5 L. R. A. 417; Strobel v. Kerr Salt Co., 164 N. Y. 303, 58 N. E. 142, 51 L. R. A. 687, 79 Am. St. Rep. 643; Pomeroy on Code Remedies (4th Ed.) §§ 183, 289 (old Nos. 269, 392). In respect to the number of persons interested, the complaint does not state how many other owners of water privileges there are on the Dey race. It does state that there "others," which would mean two, at least. In its demurrer in this respect the defendant incorporates the statement that there are three other separate proprietors of water rights on the Dey race, naming them. It was held upon demurrer, after a review of many authorities, in Hilton Bridge Construction Co. v. Foster, 26 Misc. Rep. 338, 57 N. Y. Supp. 140, that where the question was one of common (but not joint) interest to three persons, one of them might sue for the benefit of himself and the others under section 448 above quoted, the quality of the interest and not the number interested being the controlling feature, and that construction of the expression "many persons" was sustained upon appeal by the Appellate Division of the Third Department (42 App. Div. 630, 59 N. Y. Supp. 1106); and although it would seem at first sight that a condition requiring many persons is hardly satisfied by three, nevertheless, in respect to this particular section, that interpretation seems to be settled. The case of Bear v. American Rapid Teleg. Co., 36 Hun, 400, cited by defendant's counsel, is not in conflict. That was an action brought to remove trustees appointed for five persons under a joint agreement, and the plaintiff, one of the five, did not make the other four parties, but stated in his complaint that he brought the action on behalf of himself and the others if they chose to come in; and it was held that the trustees could not be removed without making parties all of the five beneficiaries, as each of them had an interest

in the maintenance of the trust, which could not be adjudicated upon and determined without his presence as a party. Such a case is not analogous to the one at bar, where the plaintiff .could maintain a perfect action and obtain a judgment adequate to his own needs without bringing in the other proprietors holding distinct water rights and a similar cause of action.

Another ground of the demurrer raised by the defendant is the nonjoinder as defendants of the other owners of water rights along the Sackett & Bascom race. It appears from the face of the complaint that there are other proprietors along said race besides the defendant, and it is urged that a judgment compelling the defendant to lower the dam from which the waters are diverted into the Sackett & Bascom race will necessarily lessen the power now usable by all of the proprietors along the said race; but in this respect it does not appear from the complaint that any of the proprietors on the Sackett & Bascom race, other than the defendant, united with the defendant in the act complained of or have contributed to the injury in any way, nor does it appear that these other proprietors claim any rights in the additional water diverted from the Dey race by the alleged wrongful act of the defendant. Upon demurrer it must be assumed that the act of the defendant was wrongful, as alleged, and the court will not presume, in the absence of an allegation to that effect, that the other proprietors along the Sackett & Bascom race are wrongdoers. If these other proprietors should make any claim to a right to the additional water thus diverted into the Sackett & Bascom race, there is a way provided for them to come into the action and assert and defend those rights; but under the allegations of the complaint the court cannot assume that they make any pretentions to a right based upon a wrongful act charged against the defendant alone.

The complaint also contains allegations to the effect that owners of water rights further up the stream than the Sackett & Bascom dam are injuriously affected by the raising of the height of said dam, in that the water is set back in such a way as to interfere and retard the flow of water through their respective tail races; and it would appear that these allegations as to the upstream proprietors have been inserted in the complaint upon the theory that they could join in this suit and have their rights adjudged and vindicated. Section 446 of the Code says that all persons having an interest in the subject of the action may be joined as plaintiffs, and this section has received very liberal construction regarding injuries to separate parcels of real estate arising out of the same wrongful act (Pomeroy on Code Remedies, §§ 116–119 [old Nos. 199–202]) ; and Mr. Pomeroy,. in the work cited (section 289 [old No. 392]), says that the test of the right of one to bring an action for himself and others, who have distinct claims, but a common interest, in the subject of the action, is whether by reason of that interest in the subject all of them could have united as plaintiffs in bringing the suit. And although the injury to the Dey race proprietors is caused by the diversion of water from that race into the Sackett & Bascom race, in violation of a right alleged to be founded, in part at least, upon agreement and pre-

scription concerning the division of the water in equal shares between those two races, and the right of the upstream proprietors, which is said to be invaded, to have the water flow through their water wheels with the velocity engendered by the natural grade of its course at those points, without being held back by obstructions lower down the stream, does not necessarily depend upon convention or proof of adverse use, nevertheless the injury to each class consists in the diminution of water power, and arises out of the one wrongful act of defendant in raising the dam, and both will be relieved from a continuance of the injury by a judgment, which is prayed for, requiring defendant to lower the dam to its former height; so that it would seem possible for a court of equity to dispose of the whole matter involved in one action. But, if doubt exists as to the right of the plaintiff to bring an action for the upstream proprietors, that question will come up for decision when they or any of them seek to intervene in the action or avail themselves of its benefits. The question is not necessarily involved in the decision of this demurrer, inasmuch as it is not necessary to count them in with the Dey race proprietors in order to make it appear that "many persons" are interested.

The demurrer that plaintiff is not authorized, or has not legal capacity, to sue for itself and others, is taken to the complaint as a whole, and so is the ground of demurrer that there is no cause of action stated; and a demurrer to the whole complaint will not be available as to a separate cause of action stated therein and not specifically pointed out in the demurrer, unless it is good as to the whole complaint. Code, § 492; Jarvis v. Palmer, 11 Paige, 650. The objection of a defect of parties is separately stated as to the allegations concerning upstream proprietors; but, if the allegations respecting the injuries to their rights are not pertinent to the plaintiff's cause of action, nor properly set forth in conjunction therewith, the plaintiff could not properly have joined them as coplaintiffs, and there is no defect of parties—the allegations concerning them in that view being irrelevant to the cause or causes of action properly set forth. And if the cause of action of the upstream proprietors can be joined, because of their interest in the subject, then the plaintiff has properly brought this suit for himself and them.

The demurrer is overruled, with leave to defendant to plead over on payment of costs.