CHARLES H. COLTON, as Surviving Executor and Trustee of the Last Will and Testament of PATRICK S. COLTON, Deceased, and CHARLES H. COLTON, Individually; THOMAS J. COLTON, MARY TERESA PENTZ, MARGARET A. COLTON, JOSEPHINE B. COLTON, AGNES A. COLTON and CHARLES H. COLTON, as Sole Executor and Trustee of the Last Will and Testament of TERESA A. COLTON, Deceased, Respondents. *v.* THE NEW YORK ELEVATED RAILROAD COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

PREFERENCE ON CALENDAR — CODE CIV. PRO. § 791, SUBD. 4. To entitle an action to the preference on the calendar given by subdivision 4 of section 791 of the Code of Civil Procedure where a party to an action in the Court of Appeals has died pending the action and its pendency prevents a final settlement of his estate, the deceased party must have been, and his substituted personal representative must be, the sole plaintiff or sole defendant in the action.

(Submitted December 14, 1896; decided December 24, 1896.)

MOTION for an order designating this action as a preferred cause, and placing it upon the calendar as such.

Teresa A. Colton was one of the plaintiffs at the commencement of this action. It was commenced in October, 1888, Subsequently, and on April 6, 1891, while it was still pending she died, leaving a last will and testament wherein Charles H. Colton was named as executor. The will was duly admitted to probate in 1891, and letters testamentary issued to him as sole executor.

The action was to recover damages caused by the maintenance and operation of an elevated railroad in front of certain property situate in the city of New York. The estate of the decedent is entitled to a portion of the damages recovered herein, and the executor will be unable to finally settle it until the determination of the action.

*J. Aspinwall Hodge, Jr.*, for respondents, for motion.

*Davies & Rapallo* for appellants.

Martin, J. The question involved in this motion is whether, where one of several plaintiffs in an action dies during its pendency and a personal representative is substituted, he may have the case placed upon the calendar as a preferred cause under the provisions of subdivision 4 of section 791 of the Code of Civil Procedure, where the pendency of the action prevents a final settlement of the estate of such decedent. The preference upon the calendar of the Court of Appeals in cases like this is regulated by the provisions of section 791 of the Code of Civil Procedure. So far as material to the question under consideration, that section provides : " Civil causes are entitled to preference among themselves, in the trial or hearing thereof, * * * 4. In the Court of Appeals, an action, a party to which has died, pending the action, where the pendency of the the action prevents a final settlement of the estate of the deceased party. 5. In any court, an action, * * * in which an executor or an administrator, * * * is the sole plaintiff or sole defendant ; * * * "

It may be, if read literally, and without regard to the other provisions of the section, that subdivision is sufficient to justify the conclusion that upon the death of any party during the pendency of an action his representative is entitled to have the cause preferred. Still that subdivision fails to plainly and definitely convey that idea. The language is " a party " and not " any party," so that the words may, perhaps, be fairly regarded as designating a party plaintiff or a party defendant,

or an appellant or respondent, as distinguished from an individual, who may be a joint party plaintiff or defendant.

We are unable to discover any good reason for believing that the legislature intended to provide that, upon the death of one of numerous plaintiffs or defendants during the pendency of an action, it should be entitled to a preference, especially when this provision is read in connection with the other provisions of section 791. It will be perceived that the only provisions of that section which relate to preferences on the ground that a personal representative of a decedent is a party, are contained in the subdivisions quoted. Subdivision 4 provides that when a party dies during the pendency of an action a preference may be had in this court. This relates only to cases pending here. Subdivision 5 relates to all courts, and expressly provides that a party is entitled to a preference upon the ground that the pendency of the action prevents a settlement of the estate only when the executor or administrator is sole plaintiff or defendant. Under that provision, no such preference can be had in behalf of a joint plaintiff or joint defendant. It is, we think, not to be supposed that the legislature intended to prevent such preferences in behalf of a joint plaintiff or joint defendant in other courts and permit it in cases pending here. We find no reason for any such distinction.

We think the provisions of this section of the Code should be construed together, and, when so considered, indicate that a party is not entitled to a preference under either of those provisions unless a sole plaintiff or sole defendant in the action.

The motion for a preference in this case should, therefore, be denied, without costs.

All concur, except BARTLETT, J., not voting, and O'BRIEN, J., absent.

Motion denied.