(29 Misc. Rep. 421.)

## AHERN v. AHERN et al.

(Supreme Court, Special Term, New York County. November, 1899.)

1. EXECUTORS AND ADMINISTRATORS—TRIAL—PREFERRED CALENDAR.

   The fact that there is no opposition to a motion to place a case on the preferred calendar is not sufficient reason for granting the preference unless some right or reason is shown therefor.

2. SAME.

   . The right of preference upon the calendar given by Code, § 791, subd. 5, to executors, when they are the sole plaintiffs or sole defendants, does not extend to a case where the same person is joined as a party in his individual capacity as well as in the prescribed capacity.

Action by Mary E. Ahern, individually and as executrix, etc., against Michael J. Ahern and another. Motion by plaintiff to place case on preferred calendar. Denied.

A. J. Talley, for the motion.

GILDERSLEEVE, J. This is a motion to place a cause on the preferred calendar. There is apparently no opposition to the motion, but that fact is not a sufficient reason for incumbering the preferred calendar with an additional case unless some right or reason is shown for the preference. There is no affidavit to indicate the grounds upon which the claim to a preference is based, nor is there anything on the face of the two papers handed up, to wit, the notice of motion and the proposed order, to show any right to the order of preference. It is true that it appears that the sole plaintiff sues as executor, which would constitute a claim for a preference, under subdivision 5 of section 791 of the Code, were it not for the fact that she also sues individually. The right to a preference upon the calendar given by subdivision 5 of section 791 of the Code when a person in one of the capacities mentioned therein is the sole plaintiff or sole defendant does not extend to a case where the same person is joined as a party in his individual capacity as well as in the prescribed capacity. See Haux v. Institution, 150 N. Y. 581, 44 N. E. 1099. As I have already intimated, there is nothing to show that the motion is made under rule 10 of the special term rules of this department, and I conclude that it is made under

the statute above referred to, on the ground that the sole plaintiff
is an executor. For the reasons already stated, this case does not
come within the requirements of that statute. The motion must be
denied, with leave to renew on further papers. No costs.

Motion denied, with leave to renew. No costs.