## POE v. POE.

### Opinion delivered October 16, 1916.

DIVORCE—DESERTION—LIMITATION.—An action for divorce upon the ground of desertion may be brought and maintained more than five years after the offending party deserted the other, the act of desertion being treated as continuing.

Appeal from Saline Chancery Court; *J. P. Henderson*, Chancellor; reversed.

*W. R. Donham*, for appellant.

The cause of action was not barred by the statute of limitations. The cause *existed* within five years next before the filing of the suit. Wilful desertion is a continuing offense. Kirby's Digest, § 2678; Bishop on Mar. & Div., Vol. 1, § 1771-2; 43 S. W. 168; 21 A. & E. Ann. Cases, 278; 4 Am. Rep. 579; 90 Ark. 40, &c.

McCULLOCH, C. J. This is an uncontested suit for divorce on the ground of wilful desertion, and the appeal is from a decree of the chancellor refusing to grant the divorce. The alleged ground for divorce is fully established by the evidence, but the chancellor refused the decree of divorce for the reason that the original act of desertion did not occur within the time prescribed by the statute.

The statute on the subject reads as follows: "The plaintiff, to obtain a divorce, must allege and prove, in

addition to a legal cause of divorce: First: A residence in the State for one year next before the commencement of the action. Second. That the cause of divorce occurred or existed in this State, or, if out of the State, either that it was a legal cause of divorce in the State where it occurred or existed or that the plaintiff's residence was then in this State. Third. That the cause of divorce occurred or existed within five years next before the commencement of the suit." Kirby's Digest, section 2678.

The theory of the chancellor advanced in support of his decision is that under the statute the desertion must exist for one year after its occurrence and that the suit must then be commenced within five years thereafter, but we are of the opinion that that is not the correct interpretation of the statute. Wilful desertion is a continuing offense and "exists" within the meaning of the statute as long as the desertion continues. Some of the grounds for divorce enumerated in the statute may consist of single acts, such as adultery, and others, such as wilful desertion, are continuing in their nature.

The provisions of the general statute of limitation are usually held not to apply to actions for divorce. 9 Ruling Case Law, Sec. 169.

In some of the States there have been statutes enacted, as has been done in this State, especially applicable to actions for divorce, but there seems to be little, if any, authority bearing directly upon the interpretation of our statute. This statute was copied literally from the Kentucky code, and there has only been one decision there, so far as our attention has been directed, bearing in any degree at all on the construction of the statute. That is the case of *Davis* v. *Davis*, 102 Ky. 440, which involved a suit for divorce on the statutory ground of "condemnation for felony," and it was decided that the word "condemnation" did not mean conviction, but that it existed as long as the judgment was in force, and that the cause of action was not barred even though the conviction of felony occurred more than five years before the commencement of the action. That decision was ren-

dered long after we had borrowed the statute from our sister State, and we are therefore not bound to accept the construction; but it is at least very persuasive, and we think it is the correct interpretation of the statute.

It follows, therefore, that the decree of the chancellor is erroneous, and the same is reversed and the cause is remanded with directions to enter a decree for divorce in accordance with the prayer of the complaint.