CORA A. HUNT, Plaintiff, *v.* LESLIE R. HUNT and His Committee, MECHANICS AND FARMERS BANK OF ALBANY and Another, Defendants.*

Supreme Court, Delaware County, March 6, 1934.

*Lee D. Van Woert,* for the plaintiff.

*Edwin L. Fowler,* for the defendants.

McNAUGHT, J.   By agreement of counsel all matters involved in the motion by plaintiff other than whether there should be an award of alimony and counsel fee pending the determination of the action have been eliminated.

The facts claimed by plaintiff are practically undisputed, except as put in issue by the answer denying knowledge or information sufficient to form a belief.   The plaintiff and defendant Leslie R. Hunt were married in the year 1904.   In or about the year 1909 defendant abandoned the plaintiff and subsequently procured a

*Affd., 242 App. Div. 721.

purported divorce in the State of Minnesota, the decree being granted January 3, 1911. The plaintiff had no notice, did not appear, and her marital rights under the laws of New York were not affected by such divorce. The defendant subsequently returned to New York State. The length of time defendant was absent does not appear. On or about February 13, 1932, he was adjudged an incompetent and a committee of his person and property was duly appointed. Efforts at reconciliation seem to have been made. The plaintiff applied for support, which was refused, and upon due application leave was granted by order of this court, dated October 6, 1933, to bring this action.

The defendants interpose the Statute of Limitations as a defense to the action, alleging that the cause of action did not accrue within ten years next preceding the commencement of this action. They also contend that the defendant Leslie R. Hunt having been duly adjudicated an incompetent, is incapable of forming an intent to abandon the plaintiff, and, therefore, plaintiff's motion should be denied.

The granting of the order for leave to sue in no manner determines the validity of plaintiff's claims, nor does it decide that she has a cause of action. The effect of such order is simply to allow the plaintiff to bring the facts into court to the end that the claims of the parties may be adjudicated and determined.

An action for separation is an equitable action. The ten-year Statute of Limitations applies to such an action. It is well established by authority that in a matrimonial action intent is an essential element. It is equally well established that an incompetent is incapable of forming an intent. (*Laudo* v. *Laudo,* 188 App. Div. 699.)

The defendants call the attention of the court to two cases (*Sturm* v. *Sturm,* 80 Misc. 277; *Guerin* v. *Guerin,* 127 id. 745) in which it has been held that where an action for separation is brought on the ground of cruel and inhuman treatment, and the alleged acts occurred more than ten years prior to the commencement of the action, the cause of action is barred. Such cases arise out of a single transaction. The assault occurs, or the alleged cruel and inhuman act is perpetrated, and such constitutes the cause of action. We do not disagree with the conclusion in the cases cited, that a cause of action based upon such acts is barred after the expiration of ten years by the Statute of Limitations. It seems to us, however, that the situation presented by the facts in the case at bar is more in the nature of a continuous and recurring wrong, that the cause of action is not limited solely to a specific act on the 9th day of July, 1909, but accrued and was renewed from day to day for such injury.

It is well established in many classes of cases that where a wrong is not referable exclusively to the day when the original wrong was committed, a party may recover damages accruing within the statutory period prior to the commencement of the action, even though the original wrong was committed before such time. Illustrations readily occur, such as nuisance, continuing trespass, diversion of water rights, and damages occasioned by the erection of an unlawful structure.

An equitable action based upon a continuing right is not barred by the Statute of Limitations. (*Galway* v. *M. E. R. Co.*, 128 N. Y. 132.) The same is true of actions to remove a cloud upon title. (*Schoener* v. *Lissauer*, 107 N. Y. 111; *Smith* v. *Reid*, 134 id. 568.) Likewise, in an action for false imprisonment, if the imprisonment was illegal *ab initio* and the defendant's wrongful acts were the cause of the loss of liberty, the illegal imprisonment constitutes a new trespass every day it is continued. (*Brush* v. *Lindsay*, 210 App. Div. 361, 367.) It would appear in an action of this character the same principle might well be applied. The determination of this question, however, on the issues raised by the answer must necessarily be for the trial court, but we are of the opinion that there is sufficient foundation for the cause of action appearing from the facts and that there is sufficient doubt about the adequacy of the defense, so that this court upon this motion would be unjustified in denying relief to the plaintiff upon the ground her cause of action was conclusively barred. It is our opinion the plaintiff is entitled to her day in court. She is entitled to present her cause of action. She is apparently in poor circumstances and unable from a financial standpoint adequately to present her cause to the court. She is the wife of the defendant so far as the law of the State of New York is concerned. We believe under all of the circumstances and in view of the principles outlined, it is the duty of the court to make a reasonable allowance of alimony and counsel fee pending the determination of the issues.

The motion to allow alimony and counsel fee is granted. Alimony is fixed at the sum of fifty dollars per month, payable on the first day of each month, commencing as of March 1, 1934, and a counsel fee of two hundred and fifty dollars is allowed, with ten dollars costs of this motion.

Submit order accordingly.