JAMES THOMAS, as President of LOCAL 1225, UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA, C. I. O., an Unincorporated Association Consisting of More than Seven Members, the Agent and Representative for and in Behalf of HARRY ORFINGER and All Other Employees of the Defendant Similarly Situated, Plaintiff, v. KEYSTONE SILVER, INC., Defendant.

Supreme Court, Special Term, New York County, July 3, 1940.

F. Scheiner, for the plaintiff.

B. F. Nathan, for the defendant.

BENVENGA, J. This is a motion to dismiss the complaint on the ground that the plaintiff has no legal capacity to sue, or in the

alternative for an order to strike from the complaint all allegations relating to the representative character of the action.

The action is brought under section 16b of the Federal Fair Labor Standards Act (U. S. Code, tit. 29, § 216, subd. [b]), which provides that the action may be brought " by any one or more employees for or in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated."

The question presented is whether the action can be brought by an agent or representative designated by an ex-employee in behalf of himself and all other persons similarly situated, where it appears that the ex-employee is a member of one union and the persons allegedly similarly situated are members of a rival union which is under contract with the defendant and presently employed by the defendant, particularly where the action appears to have been brought without the knowledge and consent and is being continued against their will.

I am not aware of any case which is directly in point, nor have I been referred to any. On principle, it seems to me that such an action cannot be maintained. The purpose of the statute is to permit an employee who has a cause of action against his employer to bring a representative action or to designate an agent or representative (as, for instance, an officer of the union), to bring such an action, and thus avoid a multiplicity of actions. (Cf. Civ. Prac. Act, § 195; *Guffanti* v. *National Surety Co.*, 196 N. Y. 452, 458.) While such an action may lawfully be instituted by a properly designated agent or representative, it cannot be continued in so far as it affects employees allegedly similarly situated, where the action was brought without the knowledge and consent of such employees and is being maintained against the wishes and, probably, against the interests of those whom the plaintiff purports to represent. (See *Price* v. *United Assn. of Journeymen Plumbers & Steamfitters*, N. Y. L. J. April 3, 1940, p. 1502; *Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230, 236; *Society Milion Athena* v. *National Bank of Greece*, 281 id. 282, 294.) It is difficult to suppose that it was the intention of the Legislature to permit a representative action to be continued under such circumstances. Such a construction of the statute would seem to be unreasonable. Indeed, it would be against public policy to permit such an action to be maintained or continued. (See Civ. Prac. Act, § 194.)

The motion is granted to the extent of striking from the complaint all allegations relating to the representative character of the action insofar as it affects persons other than Harry Orfinger. Settle order.