### CISSELL v. GREAT ATLANTIC & PACIFIC TEA CO.
### No. 196.

District Court, W. D. Kentucky.

Feb. 20, 1941.

914

Herman Cohen, Marvin J. Fisher, and Stanley Williams, all of Louisville, Ky., for plaintiff.

Carroll, McElwain & Ballantine, of Louisville, Ky., for defendant.

MILLER, District Judge.

On December 1, 1936, action No. 126 was filed by J. W. Brannon, an employee of the defendant, against the present defendant to recover wages claimed to be due under Section 6(a) of the Fair Labor Standards Act, 29 U.S.C.A. § 206(a). As authorized by the statute, the action was on behalf of Brannon and other employees of the defendant similarly situated, which included W. J. Cissell, the present plaintiff, although not specifically named in the complaint. That action was dismissed settled, following negotiations between Brannon's counsel and the defendant and consultations with other employees. The Court approved the settlement. The defendant paid Cissell the amount agreed upon. This action is now brought by Cissell to collect an additional amount, alleging that the judgment in the previous suit was not binding as to him because he was not a party to that suit and the subsequent settlement was agreed upon in fear of losing his job. Defendant has moved to dismiss the action.

The previous action was a class action. Cissell was a party to it by representation as provided by the statute. He would have participated in any recovery against the defendant if the action had proceeded and terminated favorably to Brannon, the nominal plaintiff. A settlement in that suit, reached after fair negotiations between the parties, represented by competent counsel, and taking into consideration the possibility of no recovery at all if the action was litigated to a conclusion, and approved by the Court after conference with counsel, is binding upon him as one of the class for whom the plaintiff professed to act as authorized by the very statute which gives him the claim now sued upon. Without that statute, the plaintiff would have no cause of action at all. If he elects to take its benefits, he must accept its restrictions also.

In addition the plaintiff accepted the offered settlement following the termination of that suit, and still retains the amount received. The stated facts concerning the settlement do not constitute duress so as to invalidate the settlement. Ripy Bros. Distilling Co. v. Lillard, 149 Ky. 726, 149 S.W. 1009.

Defendant's motion to dismiss is sustained.