JAMES McCABE et al., Plaintiffs, *v.* 1375-1383 BROADWAY CORPORATION et al., Defendants.

Supreme Court, Trial Term, New York County, February 17, 1943.

*Minna F. Kassner* for plaintiffs.

*Milton Kunen* for defendants.

WALTER, J. Sixty-one plaintiffs here sue six defendants under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 201-219), and the question presented is whether the action is entitled to a preference under rule V of the New York County Supreme Court Rules for Trial Terms in view of the fact that some only of the plaintiffs are residents of New York County and were such when the cause of action accrued.

Different causes of action are stated against different defendants in favor of different plaintiffs. In no instance is any one defendant alleged to be liable to all plaintiffs. There is no allegation that any plaintiff sues for or in behalf of others similarly situated, or that any employee of any defendant has designated any plaintiff as his agent or representative to maintain the action for or in behalf of all employees similarly situated. Obviously, therefore, this is neither a class action nor a representative action nor a derivative action, and no question respecting whether, or, if so, when or under what conditions, such actions are authorized by the Federal statute is presented or need be decided. (See and compare *Terner* v. *Glickstein & Terner, Inc.,* 283 N. Y. 299; *Thomas* v. *Keystone Silver, Inc.,* 174 Misc. 733; *Saxton* v. *W. S. Askew Co.,* 35 F. Supp. 519; *Cissell* v. *Great A. & P. Tea Co.,* 37 F. Supp. 913; *Brooks* v. *Southern Dairies, Inc.,* 38 F. Supp. 588.) This is merely an instance in which numerous plaintiffs having individual, separate, and independent causes of action, have joined in one action, presumably claiming section 209 of the Civil Practice Act as authority therefor; and assuming *arguendo* that said section 209 authorizes the joinder attempted, I think it would be a clear perversion of the intent and purpose of rule V to permit nonresidents of this county to obtain a preference by joining with residents thereof. A right to a preference could not be obtained by assigning the cause of action to a resident, or even by becoming a resident

after the cause of action arose, and it thus would be illogical to say that it is obtained by the mere device of a nonresident joining his own separate and individual cause of action in the same action with other separate and individual causes of action in favor of residents.

This conclusion, of course, does not mean that the action is to be severed and a preference granted to some plaintiffs and denied to others. It means, on the contrary, that the resident plaintiffs lost their right to a preference when they joined with nonresidents, just as the preference accorded executors under prior statutes was lost when they joined with other plaintiffs who were not entitled to a preference. (*Haux* v. *Dry Dock Savings Institution,* 150 N. Y. 581; *Colton* v. *New York Elevated R. R. Co.,* 151 N. Y. 266; *Ahearn* v. *Ahearn,* 29 Misc. 421.)

The case is accordingly remanded to its original position upon the General Calendar.