PATRICK O'SHAUGHNESSY, Plaintiff, *v.* JOHN J. BARRETT, INC., et al., Defendants.

Supreme Court, Special Term, New York County, February 5, 1946.

*Carney & Van Pelt* for plaintiff.

*Andrew M. Lawler* for defendants.

VALENTE, J. The action is for damages against undertakers for burial of a stranger in a cemetery plot. The motion tests the sufficiency of affirmative defenses. The first, relating to dissolution of the corporate defendant, is concededly insufficient as a defense. The second raises the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 7), applicable since the injury complained of is one to property (*Landis* v. *Lebanon Cemetery Assn. of Queens*, N. Y. L. J., Oct. 4, 1934, p. 1089, col. 3; Jackson on Law of Cadavers, p. 170). The wrongful burial took place in 1939 but, as the strange body is still in the plot, it is evident that the trespass is a continuing one to date (*Hunt* v. *Hunt*, 152 Misc. 364, affd. 242 App. Div. 721; *Colrick* v. *Swinburne*, 105 N. Y. 503); accordingly this defense is insufficient.

The remaining two defenses essentially assert that plaintiff has no standing to bring the action. It appears that the plot

was originally purchased by plaintiff's brother, John J. O'Shaughnessy, now deceased. The surviving next of kin are plaintiff, three sisters and another brother, and by statute are entitled to the beneficial use of said plot (Religious Corporations Law, § 8; Membership Corporations Law, § 84). The estate of the deceased has here no concern therewith (*Matter of Rosen*, 173 Misc. 433). It follows that plaintiff is at least one of a class in whom the instant cause of action properly resides; the complaint sufficiently alleges that the action is brought at the request of and on behalf of the entire class (cf. Civ. Prac. Act, § 195; *Soc. Milion Athena* v. *Nat. Bk. of Greece*, 281 N. Y. 282; *McCabe* v. *1375–1383 Broadway Corp.*, 179 Misc. 745); thus the defenses in question are insufficient and are stricken. The motion is granted.