VINCENT COSTA, Individually and as Administrator of the Estate of PHILIP COSTA, Deceased, on Behalf of Himself and All Other Distributees of Said Deceased, Plaintiff, v. A. JEROME PRATT, Defendant.

Supreme Court, Special Term, Albany County, June 10, 1949.

*Albert C. Jordan* for plaintiff.

*Rusk & Rusk* for defendant.

TAYLOR, J. Plaintiff brings this action individually and on behalf of the other distributees of Philip Costa, deceased, and as administrator of his estate for the impressment of a trust on certain real property and to recover the rents and profits thereof.

Defendant has moved for an order directing that all the distributees of Philip Costa be made parties, that the plaintiff, as administrator, be dropped as an improper party and that the complaint be dismissed upon the ground that the agreement on which the action is founded is unenforcible under the provisions of the Statute of Frauds.

That part of the motion which seeks to dismiss the complaint will be considered first. The motion is made under subdivision 8 of rule 107 of the Rules of Civil Practice which reads in part as follows: " After the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, on the complaint and an affidavit stating facts tending to show: * * * 8. That the contract on which the cause of action is founded is unenforceable under the provisions of the statute of frauds."

The allegations of the complaint material at this time are found in paragraphs numbered 8 and 9 thereof: " 8. On information and belief, that Philip Costa by deed dated December 8th 1945 conveyed the same premises described herein in paragraph 4 to the defendant which conveyance on record was for a nominal consideration of $1.00 and was recorded on Sep-

tember 17th 1946 in the office of the County Clerk of Ulster County in Liber 672 of Conveyances, Page 191. That such conveyance was made to the defendant by Philip Costa, who relied on the honesty and integrity of this defendant in whom he placed unusual trust and confidence, without consideration and under an agreement and understanding that Philip Costa would at all times remain the true owner thereof and that the defendant would retain title thereto as trustee only for Philip Costa and further would reconvey such property at any time at the request of said Philip Costa or his legal representatives, and further, that defendant would pay over and account to said Philip Costa all income, rent and profits therefrom. Further, that the said Philip Costa would pay all carrying charges on said property including taxes, repairs, and alterations of the same from a single family dwelling to a two-family dwelling as well as assume the payment of the principal balance of $3500.00 on the bond and mortgage and interest thereon due the bank as above related. That relying in trust and confidence on the goodfaith of the defendant to carry out their [*sic*] said agreement and understanding above related, between the time he acquired title to the property above described in February 1945 and the time of his death in September 1947, and in accordance with and pursuant to the said agreement and understanding with the defendant, the said Philip Costa paid or caused to be paid the cost of altering the dwelling on said premises from a single family to a two-family dwelling and installed a modern heating plant therein at an expense of several thousands of dollars, paid all heating fuel bills, taxes, insurance, repairs and did pay in full the balance of principal and interest of over $3500.00 due the bank aforesaid on the bond and mortgage on such premises. That at least some of the payments to the bank on the said mortgage were made after the execution and delivery of the deed to the defendant as described above. That the defendant at no time prior to the death of Philip Costa in September, 1947 paid any part of the consideration for such property nor any part of the running expenses nor any liens on such property. 9. On information and belief that after such dwelling was converted into a dual apartment, one of the apartments was rented to a tenant for about $60.00 per month and defendant collected such rent for a period of about thirteen months and remitted such rent to Philip Costa until the time of the latter's death in September 1947.''

This complaint invokes the equitable and remedial jurisdiction of this court and the relief therein sought is to impress a constructive trust on real property which it is claimed arises out of the abuse by the defendant of an alleged relationship with the deceased through which he has unjustly enriched himself by acquiring title thereto '' under cover. of the relation of confidence ''. To that end the plaintiff has alleged a cause of action in equity to which the Statute of Frauds is no bar or defense. The plaintiff to succeed must establish the cause of action alleged in his complaint. If he fails upon the trial so to do, his action must fall. On the other hand if his proof thereon justifies the relief which he seeks, that statute is ineffectual as a bar. (*Irving Trust Co.* v. *Reikes,* 228 App. Div. 510; *Sinclair* v. *Purdy,* 235 N. Y. 245; *Isquith* v. *Isquith,* 229 App. Div. 555; *Wittner* v. *Burr Avenue Development Corp.,* 222 App. Div. 285; *Fraw Realty Co.* v. *Natanson,* 261 N. Y. 396; *Bais Yaakov Parochial School of East New York* v. *City of New York,* 273 App. Div. 903; *Latham* v. *Father Divine,* 299 N. Y. 22, 27.)

Since the complaint herein demands judgment requiring the defendant to account for and pay over accrued rents and profits of the premises prior to the death of the plaintiff's intestate and for the reasonable value of the use and occupancy of the premises after his death, his administrator is a proper party. (Surrogate's Ct. Act, § 202; Decedent Estate Law, § 123; *Limberg* v. *Limberg,* 281 N. Y. 821.)

Defendant further claims that a complete determination of the controversy cannot be had without the presence of the other distributees as parties to the action and he seeks to bring them in as necessary parties.

Section 195 of the Civil Practice Act provides: '' *Suing for benefit of others.* Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.''

The question involved here is one of common or general interest of many persons as contemplated by the statute for the reason that if the individual plaintiff is successful the persons whom the defendant seeks to bring in will acquire with him as the distributees of the deceased, as tenants in common, the fee of the property involved. That in itself is reason to deny the defendant's application.

The defendant's motion in this regard must fail upon another ground. It is also alleged in the complaint that the deceased left him surviving eighteen distributees, exclusive of the plaintiff, many of whom reside without the State, several of whom reside without the United States and one of whom is an incompetent person. Under those circumstances I think it can be said that the persons who might be made parties are sufficiently numerous and that the impracticability of bringing them all before the court in this action is genuine.

Hence, the plaintiff may properly sue for the benefit of all the distributees and the complaint shows that such is his purpose. (Civ. Prac. Act, § 195; *Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282; *McCabe* v. *1375–1383 Broadway Corp.*, 179 Misc. 745; *O'Shaughnessy* v. *Barrett, Inc.*, 186 Misc. 1040; *McKenzie* v. *L'Amoureux*, 11 Barb. 516; *Hilton Bridge Constr. Co.* v. *Foster*, 26 Misc. 338, affd. 42 App. Div. 630.)

In view of my conclusions, the motion must be in all respects denied.

Submit order.