George Frankenthaler, S.
On May 12, 1937 Ferncliff Cemetery Mausoleum Co., Inc. issued to the testator a certificate of ownership which recites that in consideration of $8,500 the corporation has given, granted, sold and conveyed to the testator, his heirs and assigns, the use of one designated private room in a mausoleum located in Ferncliff Cemetery to have and to hold the use forever together with the rights and appurtenances thereunto belonging to the testator and his heirs and assigns forever subject to the laws of this State and the rules and regulations of the corporation. The testator’s will disposes of his estate by fractional shares without specific identification of particular assets and it contains no explicit reference to any property right or interest that he might have had under the afore-mentioned certificate of ownership at the time of his death. Subsequent to the testator’s death his widow and his adopted stepson each claimed ownership of the use of the private room in the mausoleum. The executors under the will have brought this proceeding for a construction of the will and for a determination as to whether the right to the use of the room is possessed by either the widow or the adopted stepson or is a residuary asset of the estate.
The contention of the adopted stepson that the petition should be dismissed for lack of jurisdiction of the subject matter is overruled. A construction of the will is proper to determine whether or not that instrument is effectual to dispose of the property in dispute. All persons having any possible claim to the property have been cited in this proceeding and the necessary jurisdiction of both parties and subject matter exists for a determination as to whether the property interest held by the testator in his lifetime passes under his will, passes in intestacy, or devolves pursuant to a particular statutory provision.
*679 The controlling statute is subdivision 6 of section 84 of the Membership Corporations Law, the pertinent portion of which reads: ‘‘ Upon the death of an owner or co-owner of any lot, plot or part thereof, unless the same shall be held in joint tenancy, or tenancy by the entirety, the interest of the deceased lot owner shall pass to the devisees of such lot owner, but, if such interest be not effectually devised, then to his or her descendants then surviving, and if there be none, then to the surviving spouse, and if there be none, then to those entitled to take the real and personal property of the deceased lot owner pursuant to article three of the decedent estate law, provided, however, that no interest in any lot, plot or part thereof shall pass by any residuary or other general clause in a will and such interest shall pass by will only if the lot, plot or part thereof sought to be devised is specifically referred to in such will. The surviving spouse of a deceased lot owner during his or her life and the owners from time to time of the deceased lot owner’s lot, plot or part thereof, shall have in common the possession, care and control of such lot, plot or part thereof.”
The will does not contain a specific reference to the mausoleum room and the text of the residuary provision of the will, by reason of the quoted statute, is ineffectual to dispose of this property interest. This interest is not an asset of which the decedent died testate and his executors have no power or authority to dispose of it. (Matter of Rosen, 173 Misc. 433; O’Shaughnessy v. John J. Barrett, Inc., 186 Misc. 1040.) Under the above statute the interest of the deceased passed to his descendants and, if there be none, to his widow.
The adopted stepson is a descendant of the testator (Domestic Relations Law, § 115; Matter of Upjohn, 304 N. Y. 366) and his interest would be unquestionable were it not for an agreement entered into by him with the testator under which the adopted son agreed that he would ‘‘ make no claim of any kind, nature or description against the estate ” of the testator or ‘‘ claim the right to participate in any way in the estate ”. Certainly the minumum intendment of this agreement was that the foster son be barred from asserting any right of inheritance from the testator either as a contestant of a will or as a claimant to intestate property. If the property right here involved is a form of intestate property, the foster son has no claim to it. If the property right cannot be called intestate property because of the fact that it is not administered as an estate asset, it nevertheless is an interest that under the Membership Corporations Law passes to persons having rights of inheritance pursuant to the Decedent Estate Law. The clear purpose of the agree *680 ment executed by the foster son was to prevent him from asserting any claim as a descendant or distributee of the testator. The property interest in question can be said to be analogous to the family exemption provided by section 200 of the Surrogate’s Court Act. It has been held consistently that an agreement releasing all rights in an estate constitutes a waiver of any right to have exempt property set off despite the fact that the statute states that such property is not to be deemed an estate asset (Matter of Burridge, 261 N. Y. 225; Matter of Crouse, 244 N. Y. 400; Matter of Markel, 175 Misc. 573, affd. 261 App. Div. 950; Matter of Bloomingdale, 142 N. Y. S. 2d 781). A fair construction of the agreement between the testator and his adopted son is that the latter forsook any property benefit that, but for the agreement, he might derive under any statute as a distributee of the testator. The operative effect of that agreement is that the testator died without a descendant and consequently the alternative provision of section 84 of the Membership Corporations Law becomes effective and the interest of the deceased in the mausoleum room passes to his surviving spouse.
Submit decree on notice.