Thomas E. Morrissey, J.
Defendants in one notice of motion move for three-fold relief (1) to dismiss each of the three causes of action for legal insufficiency, (2) for judgment dismissing the *825 complaint on the ground that the contract upon which the cause of action is founded is unenforcible by reason of the Statute of Frauds, and (3) for an order requiring the plaintiff to bring in certain additional parties defendant to this action.
This action is brought by the plaintiff as executor to recover a parcel of real property and for an accounting. The complaint alleges that there was a purported conveyance of property, by quitclaim deed and without consideration, from the decedent to the defendant Battista, which was allegedly followed, after decedent’s death, by a further transfer of said property from the defendant Battista to the defendant Krementz.
It is asserted in the first cause of action that such transfers were illusory since the decedent, following the purported conveyance to the defendant Battista, continued to exercise full dominion and control over the property, and treated it as his own; that it was intended by the decedent that the transfer to the defendant Battista was to take effect upon decedent’s death and was made for the purpose of depriving his wife of her interests in the estate.
In the second cause of action it is alleged that the decedent executed the purported deed in reliance upon an oral promise of the defendant Battista that on the death of the decedent she would immediately transfer the property to his estate for the benefit of the surviving brothers and sisters of the decedent; that the purpose of the transfer was to frustrate and thwart an action for separation which had been brought against the decedent by his wife and that it constituted an attempt to create a parol trust for the benefit of the surviving brothers and sisters of the decedent.
In the third cause of action it is alleged that the purported deed to the defendant Battista and the attempted parol trust were intended to make a disposition of the property as of the moment of the decedent’s death and not before; that since this constituted an attempt to make a testamentary disposition without compliance with the requirements of the Decedent Estate Law, the interest and the oral trust agreement were void.
The Statute of Frauds is no defense to either the first or third causes of action and the allegations pleaded in each of said causes of action state a valid and sufficient cause of action. (Burns v. Turnbull, 266 App. Div. 779, affd. 294 N. Y. 889; Newman v. Dore, 275 N. Y. 371.)
The allegations contained in the second cause of action are insufficient to state a valid cause of action. Accepting the allegations contained therein as true and giving every fair inference and intendment to such allegations, they would have" *826 stated a good cause of action seeking to impose a constructive trust if there had also been alleged facts showing the existence of a confidential relationship between the decedent and the defendant Battista, and if that had been done the Statute of Frauds would not have constituted a bar to the third cause of action. However, this cause of action contains no allegation showing the existence of a confidential relationship and therefore must be deemed legally insufficient. (Wood v. Rabe, 96 N. Y. 414; Sinclair v. Purdy, 235 N. Y. 245; Costa v. Bratt, 197 Misc. 252, affd. 277 App. Div. 806; Friedman v. Katz, 271 App. Div. 836.)
In the opinion of the court, the widow and the brothers and sisters of the decedent are not necessary parties to this action and need not be joined as party defendants therein.
Accordingly, the motion to dismiss the first and third causes of action is denied. The motion to dismiss the second cause of action is granted with leave to the plaintiff, if he is so disposed, to serve an amended complaint in compliance with this memorandum within 10 days. The motion requiring the plaintiff to join additional parties defendant is also denied.
Settle order on notice.