■ EDWARD G. ALBERT, Appellant, v. FLORENCE H. ALBERT, Respondent. — Order insofar as appealed from unanimously reversed, with costs, and defendant's motion denied. Memorandum: The part of the order appealed from dismissed portions of paragraph Sixth, paragraphs Seventh and Eighth and certain portions of paragraph Eleventh of plaintiff's amended complaint. In the Sixth paragraph it is alleged that since shortly after the marriage of the parties on May 1, 1948, defendant has treated plaintiff in a cruel and inhuman manner so as to affect his physical and mental well-being, that she

has demonstrated an uncontrollable temper, making false accusations of unfaithfulness, physically assaulting plaintiff by striking him with articles, scissors, knives and household utensils, and also by making repeated calls to plaintiff's place of employment with threats to cause plaintiff to lose his job, that she has refused to cohabit with plaintiff and has openly associated with another male in public places. In the Seventh paragraph plaintiff alleges a specific instance of cruelty on February 15, 1967 at the parties' residence wherein defendant punched plaintiff and attempted to assault him with a pair of scissors. In the Eighth paragraph plaintiff alleges an instance of cruelty in September, 1967 at the parties' residence when defendant falsely accused him of having an illicit affair with his secretary, and she punched plaintiff in his back and shoulders. In paragraph Eleventh plaintiff alleges that during 1967 and 1968 and including September, 1968 on the average of four to five times each month defendant made demands for a divorce, accused plaintiff of unfaithfulness, threatened to call plaintiff's employer so as to force plaintiff to lose his job and assaulted plaintiff by punching, kicking and throwing articles at him. Defendant moved to dismiss, as barred by the Statute of Limitations, those allegations in the amended complaint which referred to instances of cruel and inhuman treatment which arose more than five years prior to the service of the amended complaint on March 6, 1973, and Special Term granted the motion as to the allegations of incidents occurring prior to March 6, 1968. The suit was instituted on January 10, 1972 and in the original complaint served on August 18, 1972 plaintiff asserted a cause of action based only upon a filed separation agreement. The original pleading, therefore, did not give notice of the transactions or occurrences to be proved pursuant to the amended pleadings, and the claims asserted in the amended complaint may not be deemed to have been asserted at the time the original complaint was served (see CPLR 203, subd. [e]). However, the allegations of specific instances of cruelty beyond the five-year limitation are asserted to be a part of a pattern and course of cruel and inhuman treatment preceding and subsequent to such specific acts and continuing to September, 1968, which is within the five-year period provided in subdivision (a) of section 210 of the Domestic Relations Law counting back from the date of service of the amended complaint. Specific acts of cruelty coupled with an allegation of a continuous course of conduct spell out a proper cause of action based on cruelty (*Hofmann* v. *Hofmann*, 232 N. Y. 215). A specific allegation of cruel and inhuman treatment which otherwise would be barred by the Statute of Limitations should not be dismissed on motion where the complaint alleges a continuous, recurring course of conduct including the specific acts complained of (see *Hunt* v. *Hunt*, 152 Misc. 364, affd. 242 App. Div. 721). (Appeal from part of order of Erie Special Term in divorce action.) Present — Marsh, P. J., Moule, Simons, Goldman and Del Vecchio, JJ.