■ RHONDA COVINGTON, Appellant, v CARLTON WALKER, Respondent. [762 NYS2d 906] —In an action for a divorce, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scancarelli, J.), entered December 6, 2000, which denied her motion for summary judgment and, in effect, upon searching the record, dismissed the complaint on the ground that the statute of limitations had expired. Justice Krausman has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, without costs or disbursements.

In this action for a divorce commenced on or about April 12, 2000, the plaintiff moved for summary judgment on the ground that the defendant had been imprisoned for three or more continuous years. It is undisputed that the defendant has been continuously incarcerated from January 1984 to the present time.

We find that the Supreme Court properly dismissed the action as time-barred under the applicable statute of limitations (*see* Domestic Relations Law § 170 [3]; § 210). The imprisonment ground for divorce arose once the defendant had been incarcerated for three years, a date which is more than five years before the commencement of this action.

Contrary to the plaintiff's contention, the failure of the Legislature to exempt the imprisonment ground from the operation of the statute of limitations was not a matter of oversight since the statutory framework does provide such exemptions for the abandonment and adultery grounds (*see*

Domestic Relations Law § 171 [3]; § 210 [a]). It is well settled that "[t]he failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended (McKinney's Cons Laws of NY, Book 1, Statutes, § 74)" (*Pajak v Pajak,* 56 NY2d 394, 397 [1982]). Moreover, "it is a fundamental canon of statutory construction" that courts not judicially legislate an exception to an otherwise unambiguous statute, even to mitigate a potentially harsh result (*Pajak v Pajak, supra* at 397; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 73). Santucci, J.P., Florio and Schmidt, JJ., concur.

Feuerstein, J., dissents and votes to reverse the order, reinstate the complaint, and grant the motion, with the following memorandum in which Krausman, J., concurs: I must respectfully dissent from the majority's conclusion in this case. Specifically, I do not agree that the statutes involved are unambiguous regarding when the imprisonment ground for a divorce accrues. Domestic Relations Law § 170 (3) provides that a husband or wife may maintain an action for divorce based upon the "confinement of the defendant in prison for a period of three *or more* consecutive years after the marriage of plaintiff and defendant." Domestic Relations Law § 210 provides that no action for divorce can be commenced on a ground which "arose more than five years before the date of the commencement" of the action.

The "or more" language in Domestic Relations Law § 170 could be interpreted as meaning that the imprisonment ground is a continuing ground which terminates upon the imprisoned person's release from prison. To hold otherwise would lead to an absurd result, as in this case. As a matter of statutory construction, it will be presumed that the Legislature did not intend a patently absurd result (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 145; *People v Brigham,* 261 AD2d 43 [1999]; *H & J Floor Covering v Board of Educ. of City of N.Y.,* 66 AD2d 588 [1979]). Based upon the majority's interpretation, the unimprisoned spouse of a person sentenced to an extended term of imprisonment would have eight years to decide whether or not the marriage should continue. After that, the marriage would continue for the rest of the parties' lives. It is difficult to believe that was the Legislature's intention when it liberalized the grounds for divorce in 1966 or that the Legislature intended that the unimprisoned spouse must forego hope of release of the imprisoned spouse and file an action for divorce at the eight year point in order to avoid the permanent loss of any ground for divorce. In my opinion, a more logical interpretation

would be that the long parted spouses would have at least five years after the imprisoned spouse's release to determine whether the relationship is still viable. Accordingly, I would reverse the order, reinstate the complaint, and grant summary judgment to the plaintiff.