[819 NE2d 1025, 786 NYS2d 409]

RHONDA COVINGTON, Appellant, v CARLTON WALKER, Respondent.

Argued September 14, 2004; decided October 26, 2004

### POINTS OF COUNSEL

*Morningside Heights Legal Services, Inc.*, New York City (*Philip M. Genty, Peggy Cross* and *Edward Smock* of counsel), for appellant. I. The trial court's application of the divorce statute of limitations violates accepted canons of statutory interpretation and the doctrine of continuing violations. (*Blanco v American Tel. & Tel. Co.*, 90 NY2d 757; *Snyder v Town Insulation*, 81 NY2d 429; *Britt v Legal Aid Socy.*, 95 NY2d 443; *Pergolizzi v Pergolizzi*, 59 Misc 2d 1027; *Colascione v Colascione*, 57 Misc 2d 199; *Rusher Ford Sales v Glens Falls Ins. Co.*, 32 Misc 2d 468, 16 AD2d 1034; *Hotaling v General Elec. Co.*, 16 AD2d 339, 12 NY2d 310; *Schmidt v Merchants Despatch Transp. Co.*, 270 NY 287; *Zappone v Home Ins. Co.*, 55 NY2d 131.) II. The background and legislative history of Domestic Relations Law § 170 (3) and § 210 support appellant's position that the action is not time-barred, because respondent remains incarcerated. (*Association of Surrogates & Supreme Ct. Reporters within City of N.Y. v State of New York*, 78 NY2d 143; *Le Drugstore Etats Unis v New York State Bd. of Pharm.*, 33 NY2d 298; *Rankin v Shanker*, 23 NY2d 111; *Pergolizzi v Pergolizzi*, 59 Misc 2d 1027; *Short v Short*, 57 Misc 2d 762; *Matter of Lindewall*, 287 NY 347.) III. The Practice Commentary upon which the lower court relied has no basis in case law or legislative history. (*Pergolizzi v Pergolizzi*, 59 Misc 2d 1027; *Short v Short*, 57 Misc 2d 762; *Agin v Krest Assoc.*, 157 Misc 2d 994; *People v Jenkins*, 100 Misc 2d 935.)

*Hancock & Estabrook, LLP*, Syracuse (*Alan J. Pierce* of counsel), for respondent. The courts below correctly held that the statute of limitations for an imprisonment divorce under Domestic Relations Law § 170 (3) and § 210 accrues once at a definite time—the third anniversary of defendant spouse's incarceration—and expires five years later, rather than accruing continuously each and every day for an indefinite period of years or decades from the third anniversary of incarceration until five years after the imprisoned spouse's release from prison. (*Colascione v Colascione*, 57 Misc 2d 199; *Blanco v American Tel. & Tel. Co.*, 90 NY2d 757; *Snyder v Town Insulation*, 81 NY2d 429; *Ackerman v Ackerman*, 200 NY 72; *Pajak v Pajak*,

56 NY2d 394; *Habib v Habib,* 278 AD2d 277; *McKilligan v Mc-Killigan,* 156 AD2d 904; *Albert v Albert,* 44 AD2d 895; *I.S. v R.S.,* 117 AD2d 780; *Omahen v Omahen,* 289 AD2d 890, 97 NY2d 613.)

## OPINION OF THE COURT

CIPARICK, J.

The issue presented by this appeal is whether plaintiff's cause of action for divorce on the ground of imprisonment pursuant to Domestic Relations Law § 170 (3), brought 16 years after the commencement of defendant's confinement, is barred by the five-year statute of limitations as set forth in Domestic Relations Law § 210. Resolution of this question turns on whether the statute of limitations is measured from the date of defendant's third consecutive year of incarceration or from the date of his release from prison (*see* Domestic Relations Law § 170 [3] [providing that an action for divorce may be maintained on the ground of the defendant's confinement in prison for a period of at least three consecutive years]). We conclude that the cause of action accrues on the date defendant completes his third consecutive year of incarceration, but the statute of limitations does not begin to run until the date he is released from prison. Thus, plaintiff's divorce action is not time-barred.

I.

On May 12, 1983, plaintiff wife and defendant husband were married. Thereafter, on January 28, 1984, defendant was arrested for the shooting death and robbery of a cab driver. In 1985, he was convicted, upon a jury verdict, of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, and sentenced to a prison term of 25 years to life. Defendant has been incarcerated since the date of his arrest. Plaintiff, who was convicted for the same crimes as defendant, is also incarcerated.

On April 10, 2000, plaintiff commenced this action for divorce on the ground that defendant has been confined for a period of three or more consecutive years after their marriage (*see* Domestic Relations Law § 170 [3]). Plaintiff moved for summary judgment of divorce pursuant to CPLR 3212, contending that no triable issues of fact exist. In opposition, defendant asserted a number of defenses including the five-year statute of limitations (*see* Domestic Relations Law § 210). Arguing that the five-year limitations period begins to run from the end of his third

continuous year of incarceration, defendant urged that the action is time-barred as it was commenced long after his eighth successive year in prison. In fact, defendant had been incarcerated for over 16 years at the time the action was commenced. Plaintiff responded that accrual of this cause of action for divorce is properly measured from any time after three years of continuous incarceration up until the date on which defendant is released from prison and, therefore, her action is timely.

Supreme Court dismissed plaintiff's action on summary judgment. A divided Appellate Division affirmed, the majority concluding that "[t]he imprisonment ground for divorce arose once the defendant had been incarcerated for three years, a date which is more than five years before the commencement of this action" (307 AD2d 908, 908 [2d Dept 2003]). Two dissenting Justices held that "the imprisonment ground is a continuing ground which terminates upon the imprisoned person's release from prison" (*id.* at 909). Plaintiff appeals as of right from the Appellate Division order based on the two-Justice dissent. We agree with the dissenters and now reverse.

## II.

In 1966, the Legislature enacted the Divorce Reform Law amending the former laws of this state which, since 1787, recognized adultery as the only ground for divorce (*see* L 1966, ch 254; *see generally Gleason v Gleason,* 26 NY2d 28 [1970]). The grounds were expanded to six, including divorce predicated on confinement in prison (*see* Domestic Relations Law § 170). Domestic Relations Law § 170 provides that:

> "An action for divorce may be maintained by a husband or wife to procure a judgment divorcing the parties and dissolving the marriage on . . . the following ground[ ]: . . .

> "(3) The confinement of the defendant in prison for a period of three or more consecutive years after the marriage of plaintiff and defendant."

The general purpose underlying the new statute was to "recognize grounds for divorce . . . as manifestations of dead marriages, marriages that should be terminated for the mutual protection and well being of the parties and, in most instances, of their children" (1966 Report of Joint Legis Comm on Matrimonial and Family Laws to Legislature of State of NY, at 85; *see also Gleason,* 26 NY2d at 35 [recognizing the legislative

policy of divorce actions based on separation agreements]). "The marriage, killed by separation, is the basis for divorce" on the grounds of imprisonment (1968 Report of Joint Legis Comm on Matrimonial and Family Laws to Legislature of State of NY, at 27). This ground was added to the statute so that a spouse would not have to endure the restrictions of marriage with none of its economic or emotional benefits (1966 Report, at 88).

The statute further creates a statute of limitations for these new causes of action. Pursuant to Domestic Relations Law § 210, "[n]o action for divorce or separation may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce or separation." Statutory exemptions to section 210 exist only for divorce actions based on abandonment, adultery or a separation decree, judgment or agreement (see Domestic Relations Law § 210 [a]). While the statute makes the grounds and the period clear, it gives no indication as to when the limitations period begins to run against the plaintiff in a section 170 (3) action for divorce.

Defendant here essentially contends that, because section 170 (3) does not permit an action for divorce until the defendant has been confined for three years, the divorce action on this ground arises for statute of limitations purposes only on the date marking that third year. We reject this narrow construction as inconsistent with the statutory scheme (McKinney's Cons Laws of NY, Book 1, Statutes § 96; see also Council of City of N.Y. v Giuliani, 93 NY2d 60, 69 [1999]). We hold that a cause of action for divorce based on the ground of imprisonment continues to arise anew for statute of limitations purposes on each day the defendant spouse remains in prison for "three or more consecutive years" until the defendant is released.

The purpose of the requirement that the defendant be incarcerated for three years prior to the commencement of an action for divorce is to give the convicted party an opportunity to obtain release from prison and to prevent the "natural but sometimes too rash inclination to dissolve a marriage" upon a spouse's conviction (1966 Report of Joint Legis Comm on Matrimonial and Family Laws to Legislature of State of NY, at 89). Nothing in the legislative history suggests, however, that Domestic Relations Law § 170 (3) was intended to start the statute of limitations running against the plaintiff spouse as early as possible so as to create the potential for a spouse, who may have missed the five-year window—indeed, may have had young children and chose not to seek divorce earlier—to unwillingly remain in a dead marriage.

Defendant's proposed construction of Domestic Relations Law § 170 (3) would have us foster these very perils by establishing a rule that the statute of limitations may run against a plaintiff to bar a divorce action while the defendant remains incarcerated. Such a result would contravene the statute's underlying goals of liberalizing the grounds for divorce and encouraging parties to attempt reconciliation. The spouse, who is ready to move forward with life, would thereby become entrapped in the union.

Plaintiff further contends that the words "or more" in Domestic Relations Law § 170 (3) suggest that divorce actions based on imprisonment are actions involving recurring injuries to the parties which implicate the continuous wrong doctrine. We agree. This Court has applied the doctrine in certain cases such as nuisance or continuing trespass where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed (*see generally Jensen v General Elec. Co.*, 82 NY2d 77, 85 [1993]; *see also 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48 [1964]; *Sorrentino v Mierzwa*, 30 AD2d 549 [1968], *revd on other grounds* 25 NY2d 59 [1969]). The rule is based on the principle that continuous injuries create separate causes of action barred only by the running of the statute of limitations against each successive trespass (*see Jensen*, 82 NY2d at 85; *see also 509 Sixth Ave.*, 15 NY2d at 52). The repeated offenses are treated as separate rights of action and the limitations period begins to run as to each upon its commission.

While this Court has never applied the continuous wrong doctrine in the context of a divorce action, the Appellate Division departments have consistently found the doctrine applicable in divorce actions where a continuous or recurring course of conduct is alleged (*see generally Grubman v Grubman*, 156 AD2d 200 [1st Dept 1989]; *La Mothe v La Mothe*, 148 AD2d 500 [2d Dept 1989]; *McKilligan v McKilligan*, 156 AD2d 904 [3d Dept 1989]; *Albert v Albert*, 44 AD2d 895 [4th Dept 1974]). Other jurisdictions have also adopted this approach (*see e.g. Bruce v Bruce*, 79 NC App 579, 582-583, 339 SE2d 855, 858 [1986]; *see also Poe v Poe*, 125 Ark 391, 392, 188 SW 1190 [1916]).

Under a continuous wrong or violation rule, where a defendant spouse is incarcerated for a consecutive period exceeding three years, each day of continued confinement beyond three years inflicts new injury on the plaintiff spouse. Thus, although this ground for divorce arises originally at the conclusion of the

third consecutive year of a defendant's incarceration, it continues to arise anew each day thereafter until the defendant is released from prison. An action based on this continuous wrong is barred only by the expiration of the five-year limitations period measured from the date upon which the defendant is released from prison.

Adopting a contrary rule—that an action for divorce based on imprisonment arises only once—would further none of the policy considerations at the heart of our statutes of limitations jurisprudence. "Statutes of Limitation were 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared' " (*Blanco v American Tel. & Tel. Co.*, 90 NY2d 757, 773 [1997] [citation omitted]). Other interests include "promot[ing] repose by giving security and stability to human affairs, judicial economy, discouraging courts from reaching dubious results, recognition of self-reformation by defendants, and the perceived unfairness to defendants of having to defend claims long past" (*Blanco*, 90 NY2d at 773 [internal quotation marks and citations omitted]). These considerations must be balanced against the injured person's stake in having a reasonable opportunity to assert a claim (*Britt v Legal Aid Socy., Inc.*, 95 NY2d 443, 449 [2000]).

In divorce actions predicated on confinement in prison these overriding policy concerns are not implicated; the only necessary proof is that the defendant has actually been incarcerated for three or more years—easily shown by Department of Correctional Services records. There is no evidence to be lost or surprise to be had. On the other hand, there is a strong interest in giving the plaintiff the continued right to maintain a cause of action for divorce where "[t]he marriage [has been] killed by separation" (1968 Report of Joint Legis Comm on Matrimonial and Family Laws to Legislature of State of NY, at 27).

The balance is thus best struck by defining the accrual date of plaintiff's cause of action from any time after the conclusion of a defendant's three years of continuous incarceration up until the time such spouse is released from prison and then running the statute of limitations for five years thereafter. The conduct giving rise to the cause of action—the imprisonment— has ceased by the time the limitations period begins to run, and the need for repose is satisfied. Applying these principles, we conclude that plaintiff's cause of action for divorce is not time-barred.

Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.