# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**446**

**CA 11-02168**

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

PATRICIA P. TUPER, PLAINTIFF-RESPONDENT,

V                                              OPINION AND ORDER

KENNETH E. TUPER, DEFENDANT-APPELLANT.

---

BARNEY & AFFRONTI, LLP, ROCHESTER (FRANCIS C. AFFRONTI OF COUNSEL), FOR DEFENDANT-APPELLANT.

ZIMMERMAN & TYO, ATTORNEYS, SHORTSVILLE (JOHN E. TYO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered July 5, 2011 in a divorce action. The order denied the amended motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Opinion by LINDLEY, J.: In this matrimonial action, defendant husband appeals from an order adopting the amended report of the Referee and denying defendant's amended motion to dismiss the complaint, which asserted a single cause of action under the "no-fault divorce" statute based on an alleged irretrievable breakdown in the parties' relationship for a period of at least six months (see Domestic Relations Law § 170 [7]). In support of his amended motion, defendant contended that the complaint should be dismissed pursuant to CPLR 3211 (a) (5) because the action was time-barred and pursuant to CPLR 3211 (a) (7) because the complaint failed to comply with the pleading requirements of CPLR 3016 (c). We conclude that Supreme Court properly denied defendant's amended motion.

The parties were married in 1973 and have been separated since November 1996, when plaintiff wife moved out of the marital residence and commenced a divorce action based on allegations of cruel and inhuman treatment. Defendant opposed the divorce and, following a nonjury trial, the court determined that plaintiff failed to establish grounds for the divorce and therefore dismissed the complaint with prejudice. In February 2011, approximately four months after the no-fault statute took effect, plaintiff commenced this action. The complaint alleges in conclusory fashion that the parties' relationship has been irretrievably broken for at least six months. No facts are alleged in support of that assertion. Defendant thus contends that

the complaint fails to comply with CPLR 3016 (c), which provides that, "[i]n an action for separation or divorce, the nature and circumstances of a party's alleged misconduct, if any, and the time and place of each act complained of, if any, shall be specified in the complaint . . . ." We reject that contention. Because a cause of action for divorce under Domestic Relations Law § 170 (7) does not require a showing of any "misconduct" by either party, the requirements of CPLR 3016 (c) are inapplicable.

In any event, even assuming, arguendo, that a plaintiff seeking a divorce under the no-fault statute is required to plead facts sufficient to demonstrate that the marriage is broken down irretrievably rather than simply allege as much in conclusory terms (*see generally* CPLR 3211 [a] [7]; *Goldin v Engineers Country Club*, 54 AD3d 658, 659-660, *lv dismissed in part and denied in part* 13 NY3d 763), we note that " '[i]n assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits . . . to remedy any defects in the complaint' " (*Parker v Leonard*, 24 AD3d 1255, 1256, quoting *Leon v Martinez*, 84 NY2d 83, 88; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636; *Thomas v Thomas*, 70 AD3d 588, 591). Here, the affidavit submitted by defendant in support of his amended motion to dismiss cured any alleged pleading defects in the complaint. Defendant stated that he and plaintiff have been separated since 1996 and that they have not communicated with each other within the past five years. Those allegations, accepted as true, clearly establish that the parties' relationship has been irretrievably broken for far more than the required six months, which leads us to defendant's remaining contention with respect to the statute of limitations.

We agree with defendant that a cause of action under the no-fault statute is subject to the five-year limitations period set forth in Domestic Relations Law § 210. We do not agree with defendant, however, that this action is time-barred inasmuch as plaintiff failed to commence it within five years of the date that the parties' relationship *initially* became irretrievably broken. In our view, a cause of action for divorce under the no-fault statute should be treated similarly to a cause of action for divorce based upon imprisonment of a spouse (*see* § 170 [3]), which is also governed by the five-year statute of limitations set forth in section 210. In *Covington v Walker* (3 NY3d 287, 291, *rearg denied* 4 NY3d 740, *cert denied* 545 US 1131), the Court of Appeals held that a cause of action for divorce based on imprisonment "continues to arise anew for statute of limitations purposes on each day the defendant spouse remains in prison for 'three or more consecutive years' until the defendant is released." Like a spouse serving a life sentence, an irretrievable breakdown in a married couple's relationship is a continuing state of affairs that, by definition, will not change. After all, the breakdown is "irretrievable." It thus stands to reason that a cause of action under the no-fault statute may be commenced at any time after the marriage has been "broken down irretrievably for a period of at least six months" (§ 170 [7]; *see Covington*, 3 NY3d at 292-293; *see also Strack v Strack*, 31 Misc 3d 258, 261).

We note that a contrary ruling would force a spouse such as

plaintiff "to unwillingly remain in a dead marriage" (*Covington*, 3 NY3d at 291).  Indeed, if the accrual date of a no-fault cause of action were to be determined as defendant suggests so as to arise *only* on the day that the relationship initially became irretrievably broken, assuming that an exact date could even be pinpointed, the only couples who could get divorced under the no-fault statute would be those whose relationships irretrievably broke down within the past five years but not within the last six months.  Couples whose relationships irretrievably broke down more than five years ago would have to remain married.  That is inconsistent with the general intent of the Legislature in enacting the no-fault statute, which was to "enable[] parties to legally end a marriage which is, in reality, already over and cannot be salvaged" (Senate Introducer Mem in Support, Bill Jacket, L 2010, ch 384, at 13).

We further note that the purpose of the statute of limitations is "to afford protection to defendants against defending stale claims after a reasonable period of time had elapsed during which a person of ordinary diligence would bring an action" (*Flanagan v Mount Eden Gen. Hosp.*, 24 NY2d 427, 429; *see Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 596-597).  That purpose is not impeded by our determination in this case inasmuch as plaintiff, in attempting to establish her cause of action, will be relying on facts and circumstances arising within 5½ years of commencement of the action.[1]  Moreover, because the no-fault statute did not take effect until October 12, 2010, plaintiff could not have commenced this action before that date.  It therefore cannot be said that plaintiff "slept on her rights" or otherwise acted in a dilatory manner to defendant's detriment.

Accordingly, we conclude that the order should be affirmed.

Entered:  June 8, 2012                          Frances E. Cafarell

---

[1]    During the debate in the New York State Assembly over the bill that became the no-fault statute, the Assembly sponsor of the legislation, Assemblyman Jonathan Bing, was asked directly by a fellow member of the Assembly whether a defendant in a no-fault case would have a right to contest the plaintiff's allegations at a jury trial.  "Yes," Assemblyman Bing responded.  "I can't imagine that happening frequently, but yes, technically, that possibility would exist" (NY Assembly Debate on Assembly Bill A9753-A, July 1, 2010, at 238).  Bing repeatedly stated "that the legislation does not take away any grounds or any procedural maneuver or anything that currently exists under the law" (*id*. at 231, 237), and that the allegation of an irretrievable breakdown in the marital relationship can be "contested" (*id*. at 236).  Bing's representations appear consistent with the fact that the Legislature, upon enacting the no-fault statute, did not amend Domestic Relations Law § 173, which reads:  "In an action for divorce there is a right to trial by jury of the issues of the grounds for granting the divorce."

Clerk of the Court